## In re McCUTCHEN.

(District Court, E. D. South Carolina. April 3, 1900.)

1. BANKRUPTCY—EXEMPTIONS—PERSONAL PROPERTY.

Where the law of the state (Const. S. C. art. 3, § 28) grants an exemption of personal property of the value of $500 to the head of a family, and provides that, if he has not that amount of property, his wife, having a separate estate, shall be entitled to the like exemption as provided for the head of the family, but with a proviso that not more than $500 of personal property shall be allowed to the husband and wife jointly, a married woman, having a separate estate, who becomes bankrupt, and whose husband owns personal property of the value of $150, is entitled to claim only $350 as the personal property exemption to be set apart to her in the bankruptcy proceedings.

2. SAME—METHOD OF SETTING APART EXEMPTION.

In valuing and setting apart a homestead exemption, a trustee in bankruptcy should conform as nearly as may be to the method provided by the state law for that purpose.

3. SAME—APPRAISEMENT OF HOMESTEAD.

Where the state statute provides that the homestead shall be appraised by three persons, chosen respectively by the debtor, the creditor, and the officer holding the writ, a trustee in bankruptcy, when a claim of homestead is made by the bankrupt, should cause the property to be appraised by three persons,—one named by himself, one by the bankrupt, and one by the creditors; and an appraisement made by three persons all chosen by the trustee, the bankrupt not being represented in their selection, will be set aside, on objections by the latter, and a new appraisement ordered.

In Bankruptcy.

M. J. Hirsch, for bankrupt.

Willcox & Willcox, for certain creditors.

BRAWLEY, District Judge. Two questions are presented by exceptions to the assignment of the homestead by the trustee. Under the bankruptcy law (section 6), bankrupts are entitled to the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in bankruptcy. M. M. McCutchen, the bankrupt, is a married woman, who has a separate estate. She lives with her husband, who has property of his own. The trustee, in setting apart the personal property to be allowed as homestead exemption, has allowed her property of the value of $350, and has reported that the husband, with whom she lives, has personal property of the value of $150; and it is claimed that, in the assignment of personal property, no more should be allowed than is sufficient to make up the value of $500. The constitution of South Carolina (article 3, § 28) provides that the general assembly shall enact such laws as will exempt from attachment, levy, and sale under any mesne or final process issued from any court, to the head of any family residing in this state, a homestead in lands, whether held in fee or any lesser estate, to the value of $1,000, or so much thereof as the property is worth if its value is less than $1,000, with the yearly products thereof, and to every head of the family residing in this state, whether entitled to the homestead exemption in lands or not, personal property to the value of $500, or so much thereof as the property is worth if its value is less than $500, "* * * provided, that in case any woman having a separate estate shall be married to the head of a family who has not of his own sufficient property to constitute a homestead, as hereinbefore provided, said married woman shall be entitled to the like exception as provided for the head of the family, provided further, that there shall not be an allowance of more than one thousand dollars worth of real estate and more than five hundred dollars worth of personal property to the husband and wife jointly." The general assembly has provided in section 2132 of the Revised Statutes, and by subsequent legislation, for exemptions in conformity with this provision of the constitution; and the only question presented by this exception is whether or not a married woman shall be entitled to the full amount of the $500 out of her separate estate as a homestead exemption, independently of her husband's property. I am of opinion that under the constitution the exemption is to the head of the family. The husband is the head of the family, and an exemption of $500 is all that the constitution and laws of South Carolina provide, and it seems to be clear from the proviso above cited that it is not the intention to allow more than $500 of personal property to the husband and wife jointly; and it therefore follows that the allowance of $350 from the wife's separate estate should be supplemented by the personal property of the head of the family to the extent of $150, and this is all that can be claimed. The exception, therefore, is overruled.

The second exception relates to the manner in which the trustee has set apart the homestead in real estate. Appraisers were appointed by the trustee, in conformity with the law, to appraise the value of the property, real and personal, of the bankrupt. Those

appraisers have made a return setting forth in parcels the real estate owned by the bankrupt, and her personal estate; and the trustee, upon such appraisement, has assigned a certain parcel of real estate as a homestead exemption. It is claimed by the bankrupt that the real estate so set apart is appraised by these appraisers beyond its value, and that the real estate assigned to her as a homestead exemption is not of the value of $1,000. The bankrupt act does not provide any rule for the guidance of the trustee in these cases, but, as it provides for the exemptions which are prescribed by the state laws, I am of opinion that the trustee in making such allowance should conform as near as may be to the methods provided by the state law for setting apart a homestead. Under the statutes of South Carolina, it is made the duty of the sheriff or other officer to cause three appraisers to be appointed,—one to be named by the creditors, one by the debtors, and one by himself. It is manifestly the intention that at least one of such appraisers should be selected by the party chiefly interested in the homestead exemption, and this seems to be a proper provision; and, inasmuch as the bankrupt has not had any opportunity of being represented in the appraisement by the appraisers appointed by the trustee, such appraisement is set aside, and the trustee is directed to appoint three appraisers,—one to be selected by the bankrupt, and one by himself, as the officer, and one by the creditors. If for any reason it is impracticable for the creditors to select such appraiser, the trustee will be authorized to make such selection in his representative capacity.