HEARD NOVEMBER TERM, 1875.

## CHOICE *vs.* CHARLES.

A judgment creditor, whose judgment was recovered in 1867, is not barred by an assignment under a junior judgment of defendant's homestead, made in January, 1870, which was not returned "for record in Court."

BEFORE COOKE, J., AT GREENVILLE, TERM, 1873.

On the first day of February, 1867, William Choice, the respondent, recovered judgment in the Court of Common Pleas for Greenville County against John Charles, the appellant. Subsequently one A. M. Hamilton also recovered judgment in the same Court, against Charles, and under this latter judgment the " Home Place ' of the appellant, "including dwelling house, out-house and appurtenances," was assigned to him as a homestead, exempt from levy and sale under execution. The assigument was made in January, 1870, but was not returned for record in Court.

This was a rule upon the Sheriff to show cause why he had failed to enforce respondent's execution by levy and sale of the property included in the assignment, and upon a return being made His Honor made the rule absolute and ordered the Sheriff to make the levy and sale.

Charles appealed, and now moved this Court to reverse the order of the Circuit Court and dismiss the rule.

*Earle,* for appellant.

*Symmes,* contra.

April 18, 1876.    The opinion of the Court was delivered by

Moses, C. J.    It appears from the brief that the appellant seeks
an exemption of certain property from liability to levy and sale
under the execution of the respondent, Choice, which issued on a
judgment obtained February 1, 1867, through an alleged assign-
ment of homestead in January, 1870, on a subsequent judgment in
favor of one Hamilton.    At that time the only legislation "to en-
force the provisions of the Constitution" in relation to the matter
of homesteads was that contained in the Act of 1868, which is found
in General Statutes, page 475.    By this, not only is the mere formal
mode and manner of the assignment to be regulated and governed,
but its validity, as an existing right, must depend on its conformity
with all the requisitions therein prescribed.

The argument of the counsel for the motion proceeds upon the
assumption that the appellant, if he had proposed to contest the
allotment, was bound to "resist it in the manner prescribed by the
statute, that is, to file his exceptions within ten days."    We have
not been referred to any statutes, and on very full examination find
no such condition demanded by any Act of the General Assembly
at the time of the assignment of the homestead by the Commission-
ers.    The Act of 1868 requires the assignment and process to be
returned by the officer "for record in Court; and if no complaint be
made by either party, no further proceedings shall be had against
the homestead."    It would thus appear that not even the parties to
the process through which the assignment is to be made are bound
by any action under it until it is returned "for record in Court."
Here it is sought to affect the judgment creditor', who was no party
to the proceeding, because of notice of the assignment, which had
not even, at the hearing below, been returned "for record in Court."
Against what was he to aver?    To whom was he to submit his ob-
jection?    How was he bound by an outside proceeding, the force of
which could have no effect on his lien until submitted "for record
in Court?"    Until then it is not easy to perceive how his "com-
plaint" could be entertained.    The judgment of the respondent,
recovered before the Constitution of 1868, was not affected in its
general lien on the property of the appellant by the homestead pro-
visions of that instrument.— *Gunn* vs. *Barry*, 15 Wall., 610; *Coch-
ran* vs. *Darcy*, 5 S. C., 125.    A right might be lost by not inter-
posing a constitutional objection, and thus permitting a judgment

to be obtained, which would operate to bar it; but, as we have said at this term, in *Ryan* vs. *Pettigrew*, "it must be by judgment, acting directly on the point in issue," and, we may add, necessarily affecting the party who, with full opportunity, failed to resist it. The case, in its general bearing, is so alike to the one before us that we shall forbear to do more than refer to it.

The motion is dismissed.

*Wright*, A. J., and *Willard*, A. J., concurred.