*IN RE* WYLIE, CLERK, IN HORNE v. McFADDEN.

HOMESTEAD—EXCEPTIONS.—A creditor who has a suit pending may except to a return by homestead appraisers made in a suit already in judgment against his debtor.

Before TOWNSEND, J., York, April, 1901. Reversed.

*In re* exceptions of W. Brown Wylie, clerk of Court, to assignment of homestead to defendant in judgment of R. L. Horne against V. Brown McFadden. From order dismissing exceptions, Wylie appeals.

*Messrs. Thos. F. McDow, Wilson & Wilson,* and *Witherspoon & Spencers,* for appellant. The latter cite: Con., art. III., sec. 28; Rev. Stat., 2127, 2126, 2134.

*Messrs. Finley & Brice,* contra. Mr. Brice oral argument.

March 27, 1902. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. It appears from the "Case" as prepared for argument of this appeal that the said R. L. Horne, as plaintiff herein, recovered judgment against V. Brown McFadden, as defendant herein, before a magistrate for the sum of $21.90, and that a transcript of said judgment was filed in the Court of Common Pleas on the 1st day of March, 1901. On the 4th day of March, 1901, execution was issued on said judgment. There was no levy indorsed upon the execution, but the following entries were made thereon: "The within execution has been fully satisfied, this March 8th, 1901," signed by the sheriff, and also the following: "The within execution was paid by V. Gordon McFadden, March 8th, 1901," and this, too, was signed by the sheriff. Then follows a notice to the sheriff, signed by the attorneys of V. Brown McFadden, bearing date 4th

March, 1901, accompanied by an affidavit of said V. Brown McFadden, setting forth that he is a citizen of York County, in this State, and the head of a family, and as such entitled to a homestead; wherefore, he demands that the sheriff set off a homestead to him, in both his real and personal property, before satisfying the judgment in the above case. In pursuance of this notice the sheriff, on the 5th of March, 1901, issued his warrant, addressed to three appraisers, directing them to set off the homestead of the judgment debtor, V. Brown McFadden. In pursuance of this warrant the appraisers made their return, setting off certain real estate, specifically described therein, as the real estate exemption of said V. Brown McFadden, and a list of certain personal property as his exemption in that species of property, which return bears date the 6th of March, 1901, and is stated to have been filed on that day in the office of the clerk of the Court of Common Pleas for York County. Thereupon the appellant, W. Brown Wylie, claiming to be a creditor of the judgment debtor, whose action for the enforcement of his claim was and is now pending before the action under which these proceedings were taken was commenced, excepts to the appraisement and assignment of homestead made by said appraisers in said return upon the ground that the real estate therein set forth exceeds in value the sum of $1,000. This exception when served upon the attorneys of V. Brown McFadden was promptly returned to the attorneys for appellant upon the ground substantially that the appellant had no right to serve any exception to the return of the appraisers. The case was then carried before the Court of Common Pleas, and that Court substantially held that none but a judgment creditor of the judgment debtor could except to the return of the appraisers appointed to appraise and assign a homestead to the judgment debtor, and rendered judgment accordingly. From that judgment, W. Brown Wylie, claiming to be a suing creditor of the said V. Brown McFadden, appeals upon the several exceptions set out in the record, which make substantially

the single question, whether there was error on the part of the Circuit Court in holding that none but a judgment creditor can except to the return of appraisers appointed to set off a homestead to a judgment debtor.

The law upon this subject will be found in the several sections of the Rev. Stat. of 1893, chapter 79, as amended by the act of 1896, 22 Stat., 190.    By sec. 2126 of the Rev. Stat., as amended by the first section of the act of 1896 above referred to, it is made the duty of the sheriff, before selling any real estate of the head of any family resident in this State, to cause a homestead to be set off to such head of a family in a specified manner—providing for the appointment of appraisers to assess the value of the land and designating their duties in respect thereto, and requires them within thirty days after date of their appointment to make a return of their action in the premises, "for record in the office of the clerk of said Court," and then the section proceeds as follows : "If no complaint shall be made by either creditor or debtor within thirty days after return of the appraisers has been filed, the proceedings in the case shall be final.    If exceptions to said return be filed by either creditor or debtor within thirty days after the filing thereof, the same shall be tried *de novo* upon testimony taken in open Court, and the Court out of which the process issued may, upon good cause being shown, order a reappraisement and reassignment of the homestead by other appraisers appointed by the Court." There is nothing in this language quoted from the statute which warrants the idea that none but a *judgment* creditor can except to the return of appraisers appointed to appraise and set off a homestead.    On the contrary, the language used is quite broad enough to embrace *any* creditor.    In addition to this, in looking into the provisions of sec. 2134 of the Rev. Stat., which has not been amended by the act of 1896, it will be found that the provision made for excepting to a return of persons appointed to appraise a homestead, where no process has been lodged against the head of the family, is expressed in such language as to leave no doubt

that the legislature did not intend to limit the right to except to the return of the appraisers to any particular creditor or class of creditors. For there the language used is: "If no complaint shall be made by *any creditor* or *other person interested,* against such appraisal," &c., then the same shall be confirmed. "But if exceptions to such appraisement and return be filed *by any person* interested therein, within the said period of thirty days after filing the return of said appraisers, the Circuit Court, upon good cause being shown, may order a reappraisement and assignment of the homestead by other appraisers to be appointed by the Court" (the italics in these quotations from the statute are ours). Now, as it is impossible to conceive of any reason why there should be any difference between the persons who are allowed to except to the return of the appraisers appointed to set off a homestead, when such appraisers are appointed by a master or by the clerk, and when appointed by the sheriff, whereby in the former case *any* creditor is allowed to except to the return, while in the latter case only a *judgment* creditor can except, we must assume that, upon the well recognized doctering of construing statutes *in pari materia,* the legislature meant the same thing in both sections, though using somewhat different phraseology. But in addition to this, when it is seen that the construction adopted by the Circuit Judge opens the door to the perpetration of gross frauds, and may lead to the greatest injustice, the Court should be very chary in adopting such construction. It will be observed that in sec. 2131 of the Rev. Stat. as amended by the act of 1896, it is declared that when the return of the appraisers appointed to set off the homestead has been confirmed, the property thus ascertained to be exempted shall be freed from *all* debts of the debtor claiming the homestead, then existing or thereafter contracted, whether such debtor retain or sell the property. If, therefore, none but a judgment creditor is entitled to except to a return of the appraisers appointed to set off the homestead, it is very obvious that it would be very easy for a judgment

debtor, by collusion with some one of his creditors, to place his property entirely beyond the reach of his creditors, without any opportunity on their part of being heard as to their rights in the premises. While we do not desire to be understood as imputing any moral wrong to any of the parties here concerned, yet the undisputed facts of this case afford a complete illustration of the ease with which a judgment debtor, capable of committing a fraud, might do so under the forms of law, if the statute should be given the construction adopted by the Circuit Court. What are the facts? The applicant for the homestead here allows one of his creditors to obtain a judgment against him in a magistrate's court, on the 28th of February, 1901, for the small sum of $21.90, and on the next day, the 1st of March, 1901, a transcript of such judgment is filed in the Court of Common Pleas, upon which execution was issued on the 4th of March, 1901. Thereupon an application was made to the sheriff for the appointment of appraisers to set off the homestead of the applicant, on the 4th of March, 1901; and on the next day, to wit: the 5th of March, 1901, the sheriff issued his warrant to set off said homestead; and on the 6th day of March, 1901, the appraisers made their return, and on the 1st day of April, 1901, the appellant excepted to the return, as has hereinbefore been stated. Whether there was any other judgment creditor of the applicant for the homestead at the time, does not appear; but it does appear that the appellant was then a suing creditor of the said applicant, and his suit was pending before the commencement of the action in which the judgment was recovered, under which the homestead proceedings were instituted; and it further appears that the judgment under which such proceedings were instituted, had been satisfied on the 8th March, 1901, nearly a month before the appellant herein filed his exception to the return of the appraisers, and nearly two months before the matter was heard by the Circuit Judge. So far as appears, therefore, there was no judgment creditor of the applicant for the homestead, either at the time appellant's exceptions

was filed (though filed within the thirty days prescribed by the statute) or at the time when the Circuit Judge undertook to pass upon the exceptions; so that, under the construction placed upon the statute by the Circuit Judge, there was no one in a position to except to the return of the appraisers, and, therefore, no matter how grave the errors therein may have been, or how gross the injustice to creditors, there was no mode by which the same could be prevented or corrected. Such a construction of the statute cannot be accepted; for, besides the patent injustice to the other creditors, it is more than doubtful whether it was competent for the legislature to thus deprive creditors of their right to be heard in a matter so vitally affecting their rights and interests.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court with instructions to pass upon the merits of the appellant's exception.