## 9830

### NIXON GROCERY CO. *ET AL.* v. SPANN *ET AL.*

#### (94 S. E. 531.)

1. HOMESTEAD — SETTING ASIDE AND APPRAISAL — STATUTES.— Under Civ. Code 1912, secs. 3711, 3713, relating to the assignment and appraisal of homesteads, the homestead should be assigned in property if practicable, otherwise the whole appraised, and if the appraisers consider mortgages in their appraisal, the proceeding is void; their duties being purely ministerial.

2. HOMESTEAD—JUDGMENT ON ASSIGNMENT—RES ADJUDICATA.—A void appraisal and assignment of homestead is not *res adjudicata,* and is subject to collateral attack, and even if not void, it is subject to attack by creditors not notified of the proceeding, even after 30 days from filing of the return, the time provided by Civ. Code 1912, sec. 3711, for filing objections.

3. HOMESTEAD—ASSIGNMENT AND APPRAISAL—ERRORS.—That appraisers make errors rendering assignment and appraisal void or defective under Civ. Code 1912, secs. 3711-3719, relating to assignment and appraisal of homesteads, does not deprive a debtor of his right to homestead.

4. HOMESTEAD—APPRAISAL—SALE.—A contention that the value of certain property claimed as homestead could only be ascertained by a sale of the property is untenable under the Constitution and Civ. Code 1912, secs. 3711-3719, relating to assignment and appraisal of homesteads.

5. JUDGMENT—ORDERS—SETTING ASIDE OR MODIFICATION—SUCCEEDING JUDGES.—Where one Circuit Judge ordered a debtor to turn over all his property not exempt, and referred the question of a claimed homestead to the master who held it exempt, an order based on another reference by a succeeding Judge ordering the turning over of the claimed homestead property because the appraisal was void, was improper as a modification of the former order as to reference and as to the property to be turned over; the rule being that one Circuit Judge cannot set aside or modify the orders of another, except in cases when the right to do so has been reserved to a succeeding Judge, or when it is allowed by rule of Court or statute.

Before MEMMINGER, J., Bamberg, November, 1916. Reversed.

Action by the Nixon Grocery Company and others against J. A. Spann and others. From an order directing defend-

ant, J. A. Spann, to turn over certain lands to a receiver, he appeals.

*Messrs. Mayfield* and *W. H. Townsend,* for appellant, cite: *As to order requiring property turned over to receiver:* 82 Miss. 527; High on Receivers, sec. 459. *Homestead:* Civil Code, sec. 3711; 24 S. C. 210; 8 Jere Baxter (Tenn.) 533; 99 S. C. 415. *Collateral attack:* 5 S. C. 75; 65 S. C. 237; 90 Ala. 464; 106 S. C. 486. *Jurisdiction:* 63 S. C. 214; 106 S. C. 449; 26 S. C. 207. *Attack on mortgages:* 238 Fed. 338.

*Messrs. Whaley, Barnwell* and *Grimball, Mitchell & Smith, Carter & Carter, E. H. Henderson, H. M. Graham, Nathans & Sinkler,* for respondents.

November 26, 1917.

The opinion of the Court was delivered by Mr. Justice Hydrick.

J. A. Spann appeals from an order requiring him to turn over to the receivers herein the property set off to him as his homestead. His right to homestead is not questioned, but plaintiffs allege that it was not set off according to law, and that, in the way in which it was set off, it operates as a fraud upon their rights.

Spann was a farmer and merchant, and is insolvent. He owns two tracts of land in Bamberg county—the Guess tract, 400 acres, mortgaged to Spann Bros. for $16,087.68, the Matheny tract, 178 acres, mortgaged to Mrs. Matheny for $3,600—and an unincumbered lot in Bamberg, and three tracts in Greenwood county, and one in Texas, all covered by mortgages. He owns also 22 mules and 1 horse, covered by mortgages, and some live stock and other personal property not incumbered. In 1915 Nixon Grocery Company and others obtained judgments against him. In February, 1915, Nixon Grocery Company ordered the sheriff to levy their execution. Spann claimed homestead, and demanded

that it be set off in his Bamberg lands to the amount of $1,000 above the mortgage debts thereon, and in his personal property to the amount of $500 above the mortgage debts thereon. Accordingly, the appraisers set off to him the Guess and Matheny tracts, subject to the mortgages thereon, and the town lot, appraising the Guess tract at $16,200, and at $112.32 above the mortgage debt and the Matheny tract at $3,800, and at $200 above the mortgage debt, and the town lot at $150, making the total value of lands set off to him in part as his homestead $462.32. For his exemption in personal property, they set off 22 mules and 1 horse, valued at $4,000, subject to the mortgages thereon, the amount of which they did not find, and other unincumbered property, valued at $150.

The return of the appraisers was filed February 11, 1915. No exceptions to it were filed by Nixon Grocery Company or any other creditor within 30 days after it was filed, as required by statute (section 3711), and it was recorded March 15, 1915, in the clerk's office. But on February 12th plaintiffs brought this action in behalf of themselves and all other creditors in which they seek to set aside for fraud certain mortgages given by Spann and to reach other property alleged to have been fraudulently disposed of. They seek also in this action to set aside the assignment of homestead on the grounds that it is excessive, and that Spann had it set off in the manner stated with the fraudulent intent of putting his property beyond the reach of their executions. Spann denies the charges of fraud, and contends that the assignment of his homestead is *res adjudicata.* On March 6th Judge Prince appointed a receiver of "all and singular the assets of the defendant, J. A. Spann, individually, not exempt under the Constitution and laws of the State," and also of the property of Spann and Simmons, a firm of which Spann had been a member. The order contained the usual injunction in such cases, among other

things, enjoining all creditors from proceeding to enforce their demands, except in this action.

On demand of the receiver, Spann refused to turn over the property assigned as his homestead, and plaintiffs moved for an order requiring him to show cause why he should not be attached for contempt. On hearing the motion, Judge Prince passed an order reciting that Spann's refusal was based on the ground above stated, and referring it to the master to take testimony and report what property had been set off as his homestead, with his findings and conclusions. The master held a reference on March 24th, and made his report on the 28th, finding the facts as hereinbefore stated, and concluding that the property set off is exempt. He, therefore, recommended that plaintiff's motion for an order requiring Spann to turn it over to the receiver be refused. This report was not filed with the clerk, but was delivered to plaintiff's attorney, who kept it until it was produced on November 27th as an exhibit to Spann's return to the rule issued by Judge Memminger. In the meantime other creditors, suggesting that the proceedings were not sufficiently adversary, applied for leave to intervene, and by orders of Judge Prince of April 25th and 28th, they were made plaintiffs, with leave to file an amended complaint, and a co-receiver was appointed. They filed an amended complaint, and brought in as defendants, among others, the holders of the chattel mortgages on Spann's mules and horse. They also attacked the assignment of homestead on the grounds already stated, and alleged that they are not bound by it, nor by the reference and report of the master thereon, because they were not parties to the proceedings, and had no notice thereof. Therefore, they prayed that the reference be opened, and that they be heard in evidence and argument as to the validity of the assignment, alleging that in the circumstances the property assigned should be sold under order of Court in order that they might have the opportunity of making it bring its true value, and that from the proceeds

the mortgages be paid, the debtor's homestead assigned, and the surplus applied to their debts. Spann answered, as before, that the homestead is *res adjudicata.* Nevertheless, reference was held at which additional testimony was taken, but it does not appear that any other or further report was made.

The next step was an application by the receivers to Judge Memminger, who followed Judge Prince as presiding Judge of the Circuit, for an order requiring Spann to turn over to them all the property set off to him as his homestead. The order prayed for was granted on November 27th; from that order Spann appealed.

Both creditors and debtor have proceeded under erroneous conceptions of their rights. The Constitution provides that "the General Assembly shall enact such laws as will exempt from attachment, levy and sale under any mesne or final process issued from any Court, to the head of any family residing in this State, a homestead in lands, whether held in fee or any lesser estate, to the value of $1,000," etc., with a like provision for an exemption of personal property to the value of $500. In obedience to this mandate, the General Assembly enacted section 3711, *et seq.,* of the Code of 1912, which provides for the homestead and how it shall be set off and secured to the heads of families. Considering the purpose of the exemptions and the provisions of the Constitution and statutes on the subject, the intention is manifest that the exemptions shall be set off in property when it is practicable to do so, because the purpose will thereby be best subserved. But the lawmakers foresaw that circumstances might arise in which it would be impracticable to set off a homestead in property, without doing injustice either to the debtor or his creditors, and made provisions for such contingencies.

Section 3713 provides that when the appraisers, appointed to set off homestead in cases where process is lodged with the sheriff or other officer, shall find that the premises in

which homestead is claimed exceed $1,000 in value, and cannot be divided so as to set off the homestead without injury to the remainder, they shall appraise the value of the premises, and that the debtor may pay the excess above $1,000, and keep the property; but if he fail to pay the excess, the property shall be sold if more than $1,000 is bid for it, and $1,000 out of the proceeds shall be paid to the clerk to be invested in a homestead for the debtor, and the residue shall be applied to the payment of his debts. Section 3719 provides that whenever in any cause pending in the Court of Common Pleas the right of homestead in the property involved shall be made and adjudicated, or otherwise brought to the attention of the Court, it shall be competent for the Court, in its discretion, where it finds that the property exceeds in value the exemptions allowed, either to order a sale thereof and payment of the amount of the exemptions out of the proceeds, or direct an assignment of homestead out of the property, if that shall be found to be practicable.

Under the provisions of section 3711, it was the duty of the appraisers, appointed to set off Spann's homestead, when they found that his lands exceeded $1,000 in value, to set off to him a homestead therein, by metes and bounds, not exceeding $1,000 in value, unless they found that the lands could not be divided so as to set off the homestead without injury to the remainder; and in that event it became their duty, under section 3713, to appraise the lands and make return of their appraisal thereof, together with their finding that the homestead could not be set off without injury to the remainder in order that the provisions of section 3713 might be carried out.

Their duty under the statutes was purely ministerial. They had nothing whatever to do with the mortgages on the land. As pointed out in *Brown v. Green,* 89 S. C. 326, 71 S. E. 958, a sale of land under execution, in such circumstances, is subject to the valid mortgages on it, and it is presumed that no one will bid more than the land is worth above the

mortgage debts and the homestead. When the appraisers undertook to set off the homestead in the excess of the value of the land above the mortgage debts, they exceeded their authority as ministerial officers, and assumed the exercise of a judicial function, for they could not determine the validity of the mortgages nor the amount due on them without summoning witnesses and taking testimony—a judicial investigation which they had no jurisdiction to make. Therefore, their action was without authority of law, and null and void. Their warrant of authority from the sheriff was to set off to Spann $1,000 worth of land. Instead of doing that they set off to him land valued at $20,150, according to their return.

Upon an analogous principle, it has been held that the action of appraisers in setting off homestead in lands owned by the debtor as tenant in common with others is null and void. They cannot obey the mandate of the statute and set it off "by metes and bounds," because the claimant owns no particular part of it, nor can they make partition. *Nance v. Hill,* 26 S. C. 227, 1 S. E. 897; *Mellichamp v. Mellichamp,* 28 S. C. 125, 5 S. E. 333; *Ketchin v. Patrick,* 32 S. C. 443, 11 S. E. 301.

From what has been said, it is needless to add that Spann's contention that the assignment of homestead is *res adjudicata* is unsound. Nothing is *res adjudicata* when the Court or other body attempting to adjudicate is without jurisdiction of the subject matter. Such an attempted adjudication is subject to direct or collateral attack. *Douglass v. Craig,* 13 S. C. 371. But for the order of Judge Prince enjoining creditors from proceeding to enforce their demands, except in this action, even if the assignment of homestead had not been void, those creditors who had not been given legal notice of the proceedings to assign homestead could have excepted to the return of the appraisers, even after the expiration of 30 days from the filing of their return and within 30 days after notice thereof given to them.

Notice and opportunity to be heard is essential to due process of law, and, therefore, essential to the binding efficacy of such a proceeding. The statute contemplates that notice of such a proceeding shall be given to all creditors. It is the duty of the sheriff or other officer with whom process has been lodged to notify all creditors who are parties to such process; and if the debtor would make the proceeding final and binding upon all his creditors, he should see to it that legal notice is given to all others. This requirement can work no hardship upon a debtor who seeks to have a part of his property exempted from the payment of his existing debts, for he knows, or ought to know, who his creditors are. Otherwise the grossest frauds might be perpetrated upon creditors who have no notice of the proceeding to set off homestead. *Ryan v. Pettigrew,* 7 S. C. 146; *Choice v. Charles,* 7 S. C. 171; *Bull v. Rowe,* 13 S. C. 355, 366, 367; *In re Wylie,* 63 S. C. 214, 41 S. E. 320.

But the failure of the appraisers to proceed according to the statutes did not deprive Spann of his right to homestead. That right is safeguarded by the Constitution and statutes enacted thereunder, and it is, and ever since the futile attempt to set off his homestead has been, as inviolable as it was before. It is perfectly clear that, if this action had been brought before any attempt was made to set off his homestead, the Court could not have ordered him to turn over to the receivers all of his property, in the face of his demand that his homestead be set off. The Court would have been bound to have seen to it that his homestead was set off, under the provisions of section 3719, in property, unless it had been found to be impracticable to do so, and to have allowed him to retain possession of so much of his property as had been set off as his homestead. It follows that it was error to grant the order appealed from, and that Spann yet has the right to have his homestead set off, and in property, if he wishes it so set off, unless it shall be found to be impracticable to set it off in property. But it is difficult

to perceive why it could not be set off in property in the circumstances appearing in the record. However, that must be determined by the proper tribunal—either by appraisers to be appointed, or by the Court, under the provisions of the statutes above cited. Of course, if Spann shall see fit to do so, he may consent for all of his property to be sold, and for his homestead to be assigned out of the proceeds.

It follows, too, from what has been said, that the contention of the plaintiffs that they are entitled to have their debtor's property sold, because a sale is the only true test of its value, is untenable. As we have seen, the Constitution and statutes provide for assignment of homestead in property, unless that be found to be impracticable. It is perfectly feasible to ascertain the true value of a debtor's property in the manner prescribed by the statutes; and if either debtor or creditors feel aggrieved by the valuation of the appraisers, the statute provides a remedy by appeal to the Court of Common Pleas on exceptions filed to the return of the appraisers.

It may be asked of what benefit it would be to a debtor to have his homestead set off in property covered by mortgages. It would certainly be more beneficial than to have it set off in the excess above the mortgage debts, because in the former case when the mortgages are foreclosed the Court may direct the sale to be made so as not to prejudice the mortgage creditor, and at the same time save the homestead from sale by ordering that the property not included in the homestead be sold first, and if it bring enough to pay the mortgage debt, there would be no need to sell the homestead. On the other hand, if the homestead be set off in the excess above the mortgage debt, the whole of the property must be sold before it can be determined whether enough will be realized to pay the mortgage debts and leave anything for the homestead. Besides, as was pointed out in *Brown v. Green, supra,* the latter method could be used most effectually to perpetrate frauds upon creditors under the

23—108.

forms of law.    Moreover, if the latter method were permissible, the debtor in this case would be allowed the use of near $20,000 worth of land and $4,000 worth of personal property more than is allowed him by the Constitution and statutes.    Then suppose the mortgages on this property should be paid off or satisfied, we would have the anomalous circumstance of a debtor with a homestead of more than $20,000 worth of land and more than $4,000 worth of personal property forever discharged from liability for his debts, now existing or hereafter contracted (section 3712), when the Constitution and statutes limit his exemption to $1,000 worth of land and $500 worth of personal property. It follows that the method adopted was contrary to the Constitution and statutes.

There is another reason why the order of Judge Memminger cannot be sustained.    Judge Prince had ordered Spann to turn over to the receivers all his property, except so much as was exempt, which necessarily implied that he was not required to turn over so much thereof as was exempt.    When the question of Spann's right to retain possession of the property set off to him as homestead was raised, Judge Prince referred it to the master to take testimony and report his findings and conclusions.    Therefore, subsequent proceedings affecting the homestead should have been had in pursuance of that order and upon report of the master.    The course pursued was in effect a modification of Judge Prince's orders, both as to what property Spann should turn over to the receivers, and to as to the reference to the master about the homestead.    It is well settled that one Circuit Judge cannot set aside or modify the orders of another, except in cases when the right to do so has been reserved to the succeeding Judge, or when it is allowed by rule of Court or statute.

The order appealed from is reversed, and the case is remanded for such further proceedings as may be proper, not inconsistent with the views herein announced.

Reversed.