## No. 10610.

### EX PARTE LUMMUS COTTON GIN COMPANY.

### *IN RE* SAVANNAH GUANO CO. v. SANDERS *ET AL.*

(106 S. E. 861.)

1. APPEAL AND ERROR—FINDING THAT CREDITOR HAD NO NOTICE OF HOMESTEAD PROCEEDINGS NOT DISTURBED WHEN RECORD ON WHICH EXCEPTION TRIED NOT BEFORE THE COURT.—Where a judgment creditor's exception to proceedings to set off the judgment debtor's homestead was tried on the record, and it is not before the Supreme Court, the finding that such judgment creditor had no notice of the proceeding connot be disturbed.

2. HOMESTEAD—PROCEEDINGS TO SET OFF NOT BINDING ON JUDGMENT CREDITOR WITHOUT NOTICE.—A Proceeding to set off an execution debtor's homestead is not binding on a judgment creditor who had no notice of the proceeding.

3. HOMESTEAD—WHEN EXCESS OVER EXEMPTION NOT PAID WITHIN 60 DAYS, PROCEEDINGS STILL OPEN, AND JUDGMENT CREDITOR ENTITLED TO REQUIRE REASSESSMENT.—Under Civ. Code 1912, § 3713, relative to setting off an execution debtor's homestead when property is worth more than $1,000 and cannot be divided without injury, where

the excess over $1,000 was not paid within 60 days as required by that section, but with the permission of the execution creditor was paid from time to time until paid in full, the assignment of the homestead was not complete, and it was not too late for another judgment creditor to object and require a reassessment.

Before BOWMAN, J., Allendale, February term, 1920. Affirmed.

Action by the Savannah Guano Company against T. O. Sanders and Annie D. Sanders. Judgment for plaintiff. From an order sustaining the exceptions of the Lummus Cotton Gin Company to proceedings to set off defendants' homestead, defendants appeal.

*Mr. R. P. Searson,* for appellants, cites: Sec. 3711, 1 Civ. Code 1912, *requires return of appraisers to be filed with the Sheriff, and* Sec. 3712 *gives debtor the right to have it recorded. Notice to creditors regulated:* 108 S. C. 329. In 7 S. C. 171 and 7 S. C. 149 *assignment had not been returned to the Sheriff. Only necessary that levying creditor, Sheriff and appraisers should know of assignment:* 13 S. C. 367. *Presumption of regularity in proceedings:* 26 S. C. 227. *Can only be rebutted by competent proof:* 26 S. C. 227; 106 S. C. 454. *Regulation of reassignment by other appraisers:* 20 S. C. 346; Sec. 3711, 1 Civ. Code 1912. *Homestead may be valid notwithstanding irregularities:* 26 S. C. 101. *Exceptions filed within* 30 *days after return was complete, were filed within time:* 15 S. C. 538.

*Mr. H. L. O'Bannon,* for respondent, cites: *Notice to judgment creditors of proceedings for assignment of a homestead, was necessary prerequisite:* 106 S. C. 453; 108 S. C. 336; 13 S. C. 366. *Rule in Georgia:* 68 Ga. 635; 101 Ga. 314: *Notice necessary in proceedings in rem:* 91 U. S. 510.

April 13, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

5—s. c. 116

The Savannah Guano Company on 4th January, 1916, obtained a judgment against the appellants herein for $1,554.26 and issued execution therefor. The Lummus Cotton Gin Company obtained judgment against the appellants on April 10, 1917, but the record fails to show that they issued execution therefor at the time. In July, 1917, the Sheriff took proceedings to set off the appellants' homestead. In November, 1917, the appraisers filed their return with the Sheriff, in which they assessed the real property of appellants at $2,750. The Sheriff then served the required notice on appellants to pay the surplus of $1,750 into his office within 60 days. Further time was given the defendants in execution by the judgment creditor, and they paid it along from time to time until the senior judgment was paid in full on November 13, 1919. On November 17, 1919, the Lummus Cotton Gin Company filed the homestead proceedings in the office of the Clerk of Court, and on November 19, 1919, filed exceptions on the ground that it had received no notice of the homestead proceedings and asked a trial de novo. Other exceptions and some affidavits were filed, but were subsequently withdrawn; so this case stands upon the one exception.

The case was tried on the record and his Honor, Judge Bowman, who had the record before him, found as a matter of fact that no notice had been given the Lummus Cotton Gin Company, and, as the record is not before us, we cannot disturb this finding.

There being no notice given to the judgment creditor, Lummus Cotton Gin Company, they are not bound by the proceedings. See *Nixon Grocery Co. v. Spann,* 108 S. C. 329, 94 S. E. 531.

Besides this, the appraisers valued the land as exceeding the homestead by $1,750. Of this due notice was given to the judgment debtor. Section 3713 provides that the excess must be paid within 60 days, and only when the excess is paid "within the time limited"

shall the Sheriff refrain from selling; "that if, after notice, the party claiming the homestead pays, or causes to be paid, the surplus over one thousand ($1,000.00) dollars, he shall, upon recording the return and receipt of the Sheriff for such surplus, indorsed on said return, as provided in preced‑ ing section of·this chapter, hold the property so appraised and set off, freed and discharged from all debts," etc. It is thus seen that the assignment of homestead was not com‑ plete. The matter was still open, and the respondent was in time to object and require a reassessment.

The order appealed from is affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur.

MR. JUSTICE COTHRAN: I do not concur in the affirm‑ ance of the order appealed from in this case, and think that .it should be reversed.

At the risk of unnecessary repetition, in order that my position may be clearly understood, I will restate the basic facts of this controversy. The Savannah Guano Company obtained a judgment against the defendants, Sanders, on January 4, 1916, issued execution, and lodged it with the Sheriff. The Lummus Cotton Gin Company did likewise, their judgment being dated April 10, 1917, but no execution was issued thereupon. In July, 1917, the Sheriff, acting under section 3711, vol. 1, Code of Laws 1912, instituted proceedings to cause a homestead in certain real estate be‑ longing to the defendants to be set off. I assume he caused the appraisers therefor to be appointed as directed by the statute. In November, 1917, the appraisers made and filed with the Sheriff their return, valuing the property at $2,750. Thereupon the Sheriff served upon the defendants the notice provided for in section 3713 that, unless they paid to him the surplus of the appraised value over and above $1,000, to wit, $1,750, within 60 days thereafter, the premises would be sold under the execution in his hands. By agreement

between the defendants and the Savannah Guano Company, plaintiff in the execution, indulgence was granted to the defendants, who from time to time made payments upon the execution until November 13, 1919, at which time the execution was paid in full, returned to the clerk as paid, and the judgment marked satisfied. The return of the appraisers, though lodged with the Sheriff, had not at this last-named date been filed by him with the Clerk of Court for record as required by the statute; but on November 7, 1919, the Lummus Cotton Gin Company, a week prior thereto, procured the return from the Sheriff's office and filed it with the Clerk of Court, and on November 19, 1919, filed with clerk exceptions to the return. The notice in which the exceptions are stated requires special attention. It states that the gin company was a judgment creditor of the defendants on July 28, 1917, when the warrant was issued to the appraisers in homestead, and particularizes the grounds of exception to be: (1) That no notice was given the gin company of the homestead proceedings and no opportunity was offered it to be heard therein; (2) that the appraisement was far below the value of the property, which was at least $6,000. The notice then concludes with a prayer, not that the homestead proceedings be "vacated and set aside" (as the Circuit Judge ordered,) but "that the question of the value of said land be tried de novo, upon testimony taken in open Court, under the provisions of section 3711 of the Civil Code of this State."

The matter came up for trial before Judge Bowman at Allendale February 6, 1920, in open Court. The gin company abandoned the second exception above stated, and withdrew certain affidavits which had been served upon the defendants, I assume affidavits supporting this second exception. Counsel agreed to submit the matter to the presiding Judge upon the first exception and the record of the homestead proceedings, which showed no notice to the gin company nor any opportunity afforded it to be heard in said homestead proceedings.

The Circuit Judge passed an order vacating and setting aside the homestead proceedings and directed the Sheriff to proceed to set off the homestead according to law.

I think that the notice and the exceptions clearly show that the gin company had no thought of contesting the validity of the homestead proceedings. It did propose, in the outset, to contest the return so far as the appraised value of the property was concerned, and evidently incorporated the matter stated in the first exception, relating to want of notice, for the purpose of establishing its rights at that time to raise the real issue tendered, the inadequate valuation of the property, which it set up in the second exception. The prayer of the notice is conclusive of this fact. In this position the gin company was quite right, for, the return not having been filed with the clerk "for record," as required by the statute, the time within which a creditor should file exceptions thereto had not begun to run, and it was within the law when it filed exceptions within 30 days from the time the return was filed. The gin company also recognized the validity of the return by taking it out of the sheriff's office and filing it with the clerk, which it evidently did for the purpose of filing exceptions thereto. At the hearing the gin company abandoned the second exception and withdrew the supporting affidavits. This left nothing but the first exception, which contained only a justification at that time in filing exceptions to the return.

The gin company cannot come into Court recognizing the validity of the proceedings, raise an issue which would be in order only under a valid proceeding, abandon that issue, and contend that the entire proceeding is invalid and should be vacated. Some consideration is due to the rights of the other party to the controversy. The orderly conduct of a trial forbids that one should be haled into Court to meet one issue and be confronted with another, essentially different.

But assume for the moment that the gin company had the right to raise the issue that because it had not been served

with notice of the homestead proceedings prior to the making and lodgment of the appraisers' return with the Sheriff, the entire proceedings were null and void; I do not think that its position can be sustained.

Where process has been lodged, the initiative is on the part of the Sheriff. He is required, before selling the debtor's real estate, to cause the homestead to be set off in a certain, specified, and detailed manner. He shall cause three appraisers to be appointed. They shall within 30 days make return to him of their action, the return to be filed "for record in the office of the Clerk of Court." Should there be no complaint by either creditor or debtor within 30 days after the return shall have been filed, the proceedings shall be final. Should exceptions be so filed, "the same shall be tried de novo, upon testimony taken in open Court;" the Court being authorized for good cause shown to order a reappraisement and reassignment of the homestead by other appraisers appointed by the Court.

Where process has not been lodged, the initative is on the part of the homesteadee. He is required to file a petition to the master (or Clerk of Court, if there be no master,) who shall, after giving the public notice required, appoint three appraisers. They shall make return to such officer. The provisions relating to exceptions and the effect of not excepting are practically the same as in cases where process has been lodged.

There is nothing in the record showing that the gin company took the position before the Circuit Judge that the homestead proceedings were absolutely void for lack of notice to it prior to the return, but, as the Circuit Judge so holds in his order, and the respondent's attorney endeavors in his printed argument to sustain that position, I propose to consider it.

As this Court holds in the case of *In re Wylie*, 63 S. C. 214, at page 217, 41 S. E. 320, the sections providing for a homestead under the conditions to which I have referred

(where process has been lodged and where it has not) are statutes in pari materia and may be paralleled in the interpretation of either upon a contested point.  For this reason I have briefly abstracted the provisions of both, as above, in the consideration of the matter now under discussion, the necessity of notice to creditors generally of the homestead proceedings prior to the return of the appraisers.

In homestead proceedings where process has been lodged, which for brevity I shall refer to as involuntary proceedings, there is no express requirement that any creditor shall be so notified, though there is an implied requirement that the creditor in the process which has been lodged with the Sheriff shall be, in the provision that one of the appraisers shall be named by such creditor, which of course could not be done until he shall have been notified of the Sheriff's proposed action.

In the other class, where process has not been lodged, which I shall refer to as voluntary proceedings, there is no requirement, express or implied, that any creditor shall be personally served with such notice; the provision for "public notice by advertisement" evidently being a sufficient substituted notice to all creditors.

I am aware of the fact that this Court, in the case of *Nixon v. Spann,* 108 S. C. 329, 333, 94 S. E. 531, has given expression to views upon this point not in accord with my construction of the statute.  I think that that decision imposes conditions which the statute does not warrant and which are unreasonable and entirely unnecessary.  In that case the return of appraisers was filed on February 11, 1915. No exceptions were filed by any creditor within the 30 days fixed by the statute.  The return was recorded on March 15, 1915.  No exceptions to the return were ever filed. That the complaining creditor had notice of the homestead proceedings, or at least of the return, is shown by the fact that on February 12, 1915, the day after the return was filed, he brought an action in the Court of Common Pleas,

among other things, to set aside the assignment of homestead on the grounds that the allowance was excessive and that it had been set off in fraud of creditors.    By an amended complaint the additional ground was made that the creditor was not a party to the homestead proceeding, had no notice of it, and was not therefore bound by it.    Upon the question of the vaildity of the homestead proceedings the Court held that, as the appraisers had attempted to set off the real estate of the debtor subject to mortgages existing upon it, their action was absolutely null and void; and, being so, the return could be attacked in a collateral proceeding.    Having so decided, it was not at all necessary to go into the question of the right of the creditor to attack the proceedings, assuming that they were not void.    In reference to this matter the Court declared:

"Even if the assignment of homestead had not been void, those creditors who had not been given legal notice of the proceedings to assign homestead could have excepted to the return of the appraisers, even after the expiration of 30 days from the filing of their return and within 30 days after notice thereof given to them.    Notice and opportunity to be heard is essential to due process of law, and therefore essential to the binding efficacy of such a proceeding.    The statute contemplates that notice of such a proceeding shall be given to all creditors.    It is the duty of the Sheriff or other officer with whom process has been lodged to notify all creditors who are parties to such process; and if the debtor would make the proceeding final and binding upon all his creditors, he should see to it that legal notice is given to all others.    This requirement can work no hardship upon a debtor who seeks to have a part of his property exempted from the payment of his existing debts, for he knows, or ought to know, who his creditors are.    Otherwise the grossest fraud might be perpetrated upon creditors who have no notice of the proceeding to set off homestead."

If this be affirmed as the law of this State, I venture to say that there is not an involuntary homestead proceeding in the State which possesses the quality of finality which the statute expressly provides for. It declares:

"If no complaint shall be made by either creditor or debtor within 30 days after the return of the appraisers has been filed, the proceedings in the case shall be final." Civ. Code 1912, § 3711.

I imagine it will be a distinct shock to the legal advisers of this State, and to the debtors to whom homesteads have been assigned, that not one of the thousands of homesteads which have been assigned can withstand the attack of a single creditor, however small his claim may be, who can show that he did not receive "legal notice" of the proceedings prior to the return, and thereby rip up the entire proceedings and subject the debtor, confiding in the finality guaranteed by the statute, to the annoyance, trouble, and expense of a new proceeding.

No question was made in the case cited as to the right of the creditor to file exceptions to the return: he made no effort whatever to do so; and the foregoing observations of the Court to the effect that notice was requisite and that a creditor who had not received notice could even after the expiration of 30 days, and within 30 days after notice, file exceptions, appear to me to be obita dicta. They certainly do not go to the extent of holding that a creditor who has not received notice can upon that ground avoid the entire proceeding. As far as it goes, I think, is that when such is the case he has 30 days after notice within which to file exceptions. That is going farther than the statute warrants.

The cases cited by the Court, in my opinion, do not sustain either the proposition that notice is requisite or that failure to give the notice avoids the proceeding:

*Ryan v. Pettigrew,* 7 S. C. 147: The defendant claimed possession of the real estate involved upon the ground that

it had been set off to him as his homestead. Plaintiff claimed under execution sale. It appeared that the return had never been filed with the clerk. The Court, of course, held that the homestead had not been perfected. The case involves neither point under discussion.

*Choice v. Charles,* 7 S. C. 171: This case involves exactly the same question as was decided in the case just referred to.

*Bull v. Rowe,* 13 S. C. 355: This was also a case where the return was not filed and recorded in the clerk's office. The Court says:

"It is not necessary that any one should know of the assignment but the levying creditor, the Sheriff and the appraisers."

*In re Wylie,* 63 S. C. 214, 41 S. E. 320. This case, so far from sustaining the positions under discussion, points out the remedy which a creditor has of excepting to the return after it has been filed. It was contended in that case, and it is the only question decided, that the right of excepting to a return was limited to judgment creditors. This position was overruled by the Court, which held that the appellant, a simple contract creditor, had the right to except within the time limited.

I think that the statute means just what it says; that when in involuntary proceedings the return has been duly filed for record with the clerk, and no one complains within 30 days thereafter by filing exceptions to the return, "the proceedings in the case shall be final;" in other words, that the filing and recording of the return as directed is notice to the world of the assignment of the homestead, just as the published notice in voluntary proceedings has that effect.

If, as stated in the Nixon Case, "the statute contemplates that notice of such a proceeding shall be given to all creditors," it would naturally be expected that the statute would also suggest some course of proceeding upon the part of the creditors to protect their interests after being so notified;

yet in it I find absolutely nothing for them to do, and can imagine no step in that proceeding that they could take to stop its progress or to influence the action of the Sheriff or the appraisers. It would also seem to follow that, if they received the required notice and did nothing, they would be shut off from further objection; and yet unquestionably the statute permits them to file exceptions within 30 days, regardless of whether they have failed to follow up a prior notice or not.

A further consideration which militates very strongly against the declaration in the Nixon Case is suggested: In a case of involuntary proceedings, the Sheriff is the moving spirit. He is required to set off the homestead before selling. Section 3721 makes it a misdemeanor and prescribes a heavy penalty for his violation of this duty. While it cannot be denominated exactly a proceeding in invitum against the debtor, it certainly is a proceeding in which he is utterly passive. Absolutely nothing is expected of him except to name one of the appraisers, and this privilege may be waived by him. In this State of the statutory provisions, how the duty not prescribed in the statute of notifying all of his creditors of the proposed action of the Sheriff can be imposed upon him by judicial declaration is inconceivable to me.

Another consideration: Assume an instance of a return by the appraisers fixing the valuation of the property at $2,750. The Sheriff gives the required notice, and the debtor, within the 60 days and after the expiration of the 30 days for filing exceptions, there having been none filed, pays to the Sheriff the excess over $1,000, $1,750. The Sheriff applies this to the executions in his office. Section 3713 provides that under these conditions the debtor shall "hold the property so appraised and set off, freed and discharged from all debts and demands then existing;" and yet, under the Nixon Case, if it should appear that he has not complied with a condition not required by the statute,

namely, notified all his creditors of the proceedings instituted by the Sheriff, the proceedings may be set aside, a new appraisement had, a second valuation at $2,750, and a second payment of the excess required.

But it is suggested in the Nixon Case that the creditors were entitled to notice of the institution of the proceedings, upon the ground:

"Notice and opportunity to be heard is essential to due process of law, and therefore essential to the binding efficacy of such a proceeding."

The object in requiring the return to be filed with the clerk for record was to provide a form of notice to the world, of which the creditors are assumed to be cognizant. The provision allowing exceptions to be filled by them within 30 days thereafter is ample protection to their constitutional rights.

"Due process of law is afforded litigants if they have an opportunity to be heard at any time before final judgment is entered," but a hearing or an opportunity to be heard, prior to judgment, is absolutely essential. *Wilson v. Standefer,* 184 U. S. 399, 22 Sup. Ct. 384, 46 L. Ed. 612.

Moreover, in the absence of legislative action conferring upon a creditor the remedy of enforcing the collection of his debt out of the property of his debtor, the creditor has no such right or remedy. The remedy is entirely the creature of the statute. It cannot be claimed as a constitutional right. It is entirely dependent upon the statute; and if so, the legislative authority has the right to hedge it about with such limitations as it may deem expedient. It may deny it altogether or exempt any portion of the debtor's property that it sees fit, the exemption to be determined in any way it sees fit, with or without notice to the creditor. His supposed right or remedy is therefore not "property" within the "due process" clause of the Constitution, unless the debt antedated the legislative limitation or exemption or machinery for its ascertainment.

It is suggested in the opinion of Mr. Justice Fraser that the failure of the defendants to pay to the Sheriff the excess of the appraisement over $1,000 renders the assignment incomplete, and that the gin company was in time to object and require a reassessment. The penalty under section 3713 for not complying with the notice of the Sheriff is a sale of the property, not a reassignment of the homestead. But, as no such position was taken in the Court below or in the arguments in this Court, I express no opinion as to the effect of such failure upon the proceedings in this case.