## McCRAE v. FELDER.

(Circuit Court of Appeals, Fourth Circuit. April 14, 1926.)

No. 2450.

1. **Homestead** ⬅199—**Homestead allotment is final and binding between parties to suit resulting in allotment, but is not final as to other persons if no notice is given of proceeding (Civ. Code S. C. 1922, §§ 5490, 5491).**

Homestead allotment under Civ. Code S. C. 1922, §§ 5490, 5491, is final and binding between parties to suit resulting in allotment, whether recorded or not, but is not final as to other persons, even existent creditors, unless they are given notice of proceeding.

2. **Homestead** ⬅199—**Recording of homestead allotment set apart in adversary proceedings, though not required by statute is "condition precedent" to exemption from debts other than, those under execution for which allotment was made (Civ. Code S. C. 1922, §§ 5490, 5491; Const. S. C. 1895, art. 3, § 28).**

Recording of homestead allotment set apart in adversary proceedings under Civ. Code S. C. 1922, § 5490, although not required by section 5491, is "condition precedent" to its· exemption from debts other than those under execution for which allotment is made, notwithstanding Const. S. C. 1895, art. 3, § 28, guaranteeing right of homestead.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Condition precedent.]

3. **Homestead** ⬅51.

Where a state law requires recording of homestead, recording is requisite to its validity.

4. **Courts** ⬅366(1).

Federal court is bound by decisions of state Supreme Court as to interpretation of statutes of that state.

5. **Bankruptcy** ⬅400(2)—**Requirements of state law relative to recording homestead allotment are not obviated because allotment was made in bankruptcy court (Civ. Code S. C. 1922, §§ 5490, 5491; Const. S. C. 1895, art. 3, § 28).**

Requirements of Civ. Code S. C. 1922, §§ 5490, 5491, enacted pursuant to Const. S. C. 1895, art. 3, § 28, requiring homestead allotment to be recorded, were not obviated because allotment was made in bankruptcy proceeding instead of action in state court.

**6. Bankruptcy ⊕400(2)—Bankruptcy court has duty to set apart homestead, where bankrupt was entitled thereto under state law.**

Where bankrupt was entitled under state law to homestead, and homestead was not previously allotted, it was duty of bankruptcy court to set it apart.

**7. Bankruptcy ⊕400(2)—Trustee in bankruptcy, in making homestead allotment under state laws, must follow statute relating to allotment in adversary proceedings (Civ. Code S. C. 1922, §§ 5490-5501).**

Trustee in bankruptcy, in making homestead allotment to bankrupt in accordance with Civ. Code S. C. 1922, §§ 5490-5501, must follow as nearly as possible procedure described for allotment under section 5490, having relation to adversary proceedings.

**8. Bankruptcy ⊕395(2)—Homestead allotment by bankruptcy court, although binding on creditors filing claims, held not binding on creditors not parties and having no notice of allotment (Civ. Code S. C. 1922, §§ 5490, 5491).**

Under Civ. Code S. C. 1922, §§ 5490, 5491, homestead allotment made by bankruptcy court, although binding on creditors filing claims in bankruptcy proceeding, was not binding on creditors not parties and having no notice of allotment.

**9. Bankruptcy ⊕396(5)—Bankrupt, having failed to record homestead allotment, is not entitled in subsequent bankruptcy proceeding to retain allotment, but is not deprived of right to extent of $1,000 (Civ. Code S. C. 1922, §§ 5490-5501).**

In view of Civ. Code S. C. 1922, §§ 5490-5501, relative to setting off and assigning homesteads, bankrupt, to whom homestead allotment was set aside in bankruptcy proceedings, having failed to record allotment as required, is not entitled in subsequent bankruptcy, to retain original allotment, but is not thereby deprived of his homestead right to extent of $1,000 value as allowed by law.

Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Eastern District of South Carolina, at Charleston, in Bankruptcy; Ernest F. Cochran, Judge.

In the matter of the bankruptcy of F. H. McCrae. To review an order setting aside an insufficient homestead, the bankrupt brings petition to superintend and revise, opposed by P. L. Felder, Jr., trustee. Affirmed.

E. H. Henderson, of Bamberg, S. C. (R. C. Hardwick, of Denmark, S. C., on the brief), for petitioner.

Adam H. Moss, of Orangeburg, S. C. (H. L. O'Bannon, of Barnwell, S. C., on the brief), for respondent.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

PARKER, Circuit Judge. This is a petition to superintend and revise in matter of law an order in bankruptcy proceedings in which it was directed that there be set apart to the bankrupt a homestead exemption to the extent of $1,000, and no more, in realty claimed by him. The bankrupt brings the petition, contending that he is entitled, not to $1,000 in value of the property claimed by him as exempt, but to the entire property claimed, which was admittedly worth $5,000. The basis of his claim is that the property had been duly and regularly allotted to him as a homestead under the Constitution and laws of the state of South Carolina in prior bankruptcy proceedings, and that he is entitled to hold as a homestead the entire property so allotted, notwithstanding its subsequent increase in value.

It appears that this is the second time that the petitioner has been through bankruptcy. The first proceedings were had in the year 1902, at which time his homestead was set apart and allotted to him by the bankruptcy court in two lots in the town of Denmark, S. C., then valued at $1,000. He has remained in possession of these lots since that time, and has improved them, but it is admitted that he has not had the return of the appraisers, the order setting apart the homestead, or any of the other proceedings connected with its allotment, recorded in the office of the register of mesne conveyances of the county where the lots are situate. He contends that such recording was not necessary to perfect his homestead right, claiming that same was guaranteed to him by the Constitution of the state and became absolute upon the allotment by the bankruptcy court. The position of the trustee is that the allotment by the court was only effective to exempt the homestead so allotted from administration as assets in that bankruptcy proceeding; that, if bankrupt had desired to preserve the homestead as allotted against liability for future debts, it was necessary that he comply with the provisions of the state law as to the recording of homestead allotments; and that, not having complied with the provisions of this law, he is not entitled to claim in this proceeding the homestead allotted in that but, at the most, is entitled to a homestead to be allotted de novo in lands to the value of $1,000. The District Judge held with the contention of the trustee, and we think that his holding was correct.

The constitutional provision under which the homestead was claimed is as follows: "The General Assembly shall enact such laws as will exempt from attachment, levy and

sale under any mesne or final process issued from any court, to the head of any family residing in this state, a homestead in lands, whether held in fee or any lesser estate, to the value of one thousand dollars, or so much thereof as the property is worth if its value is less than one thousand dollars, with the yearly products thereof. * * * The title to the homestead to be set off and assigned shall be absolute and be forever discharged from all debts of the said debtor then existing or thereafter contracted except as hereinafter provided." Constitution of South Carolina, of 1895, art. 3, § 28.

Pursuant to this constitutional provision, the General Assembly of South Carolina has enacted statutes which are found in sections 5490 to 5501, inclusive, of the Code of Laws of South Carolina of 1922. These statutes provide for setting off and assigning of homestead (1) where process has been lodged with the sheriff and (2) where no process has been so lodged. Section 5490 makes provision for cases in which process is lodged with the sheriff. It provides that the sheriff shall, before selling the debtor's real estate, cause a homestead to be set apart for him in accordance with the manner prescribed in the statute; that he shall cause three appraisers to be appointed, who, after being duly sworn, shall "appraise and set off by metes and bounds a homestead not to exceed in value one thousand dollars"; that the appraisers shall within thirty days of their appointment make return of their action to the sheriff for record in the office of the clerk of the court, "giving the metes and bounds as well as the value of the homestead set off"; that, if no exceptions are filed within thirty days, the proceedings in the case shall be final; that, if exceptions are filed by either creditor or debtor, there shall be a trial thereon de novo in open court. Section 5491 provides that, when thirty days shall have elapsed after the filing of the return of the appraisers and no exceptions have been filed, or if such return be finally heard and approved, the debtor may have the return recorded in the office of the register of mesne conveyances of the county, and that, "upon such return being so recorded in forty days after the proceedings have become final, the title to the homestead so set off and assigned shall be forever discharged from all debts of said debtor then existing or thereafter contracted." Section 5499 provides the procedure to be followed when process has not been lodged with an officer. In such case the head of a family is authorized to apply to the master of the county, or, if there be no master, to the clerk

of the court, to have a homestead appraised or set off to him. The clerk or master shall give public notice of the application by advertisement for four weeks, and shall appoint appraisers who shall set off the homestead by metes and bounds and make return within thirty days. Provisions similar to those in 5490 are made for exceptions and trial, and it is provided, "if no complaint shall be made by any creditor, or other person interested * * * within thirty days after the return of the appraisers, the same shall be confirmed by the Circuit Court at the next ensuing term thereof, and shall be recorded as provided in section 2 of this chapter."

[1, 2] It will thus be seen that, although the homestead is guaranteed by the Constitution of South Carolina, and although the land of one entitled to a homestead cannot be sold under process without a homestead being allotted to him, nevertheless, if he desires to preserve a particular homestead as allotted against debts other than those involved in the action in which the allotment is made, he must have the allotment recorded as provided by statute within the county where the land lies. Petitioner, in effect, concedes that this is the law in the case of a homestead allotted under section 5499 upon petition of the homesteader, but contends that recording is not necessary as to a homestead allotted under section 5490 in adversary proceedings. His argument is that, because of the use of the word "shall" in section 5499, recording is mandatory in voluntary proceedings, whereas the use of "may" in section 5491 shows that in adversary proceedings recording is optional. We agree with petitioner that recording is optional under section 5491, but we do not agree that upon failure to record the allotment, the same rights exist with regard to it as if it had been recorded. So far as the suit in which allotment is made is concerned, the allotment is final and binding between the parties, whether it is recorded or not. It is not final, however, as to other persons, even existent creditors, unless they are given notice of the proceeding. Savannah Guano Co. v. Sanders, 116 S. C. 64, 106 S. E. 861. If the homesteader wishes to hold the homestead as allotted against persons not parties to the action in which the allotment is made, he must record it; for it is only "upon such return being so recorded" that the statute provides that "the title to the homestead so set off and assigned shall be forever discharged from all debts of the debtor then existing or thereafter contracted." The recording of the homestead set apart in

adversary proceedings, therefore, although not required by the statute, is made a condition precedent to its exemption, as allotted, from debts other than those under execution for which allotment was made. This interpretation of the statute does not infringe upon the constitutional guaranty of homestead, as contended by petitioner; for the right of homestead remains inviolate. It is only the right to a particular allotment which is dependent upon compliance with the statutory requirements.

[3] The foregoing interpretation, we think, is not only required by the express wording of the statute, but also by the reason of the act. The provision as to the recording of the homestead is to give notice to the public that the homesteader claims the property embraced therein as free from execution to enforce his debts. Security L. & T. Co. v. Kauffman, 108 Cal. 214, 41 P. 467. This was evidently the purpose of the General Assembly in requiring that homestead allotted in voluntary proceedings under section 5499 should be recorded. The purpose of such proceedings is to set apart definite property to the petitioner for homestead, to be free from debts then existing or thereafter contracted; and notice by recording is required so that the public dealing with the homesteader may know what part of his property is not subject to his debts. The purpose of an allotment under section 5490 is very different. The purpose there is to set apart an exemption so that the remainder of the property of debtor may, be sold under process. If the debtor desires that the exemption so set apart be held exempt from the claims of future creditors in the same manner as the homestead allotted on voluntary petition, it is but reasonable that he record it, so that those extending credit to him will have notice that it is claimed as exempt. Furthermore, it is hardly reasonable that the General Assembly should, make recording mandatory in voluntary proceedings and provide that the allotment in adversary proceedings might be recorded with like effect, and nevertheless intend that an unrecorded allotment in adversary proceedings should have the same effect as if recorded. It is uniformly held that, where the state law requires the recording of the homestead, recording is requisite to its validity. Goodwin v. Colorado Mortgage Co., 110 U. S. 1, 3 S. Ct. 473, 28 L. Ed. 47; Nevada Bank v. Treadway (C. C.) 17 F. 887; Pritchard v. Ward, 64 Ga. 446; Brace, etc., Mill Co. v. Burbank, 87 Wash. 356, 151 P. 803, Ann. Cas. 1917E, 736; 29 C. J. 812.

[4] The foregoing interpretation we understand to be, in effect, the interpretation placed upon the act by the decisions of the Supreme Court of South Carolina, by which we are bound in the interpretation of the statutes of that state. Nixon Grocery Co. v. Spann, 108 S. C. 329, 94 S. E. 531; Savannah Guano Co. v. Sanders, 116 S. C. 64, 106 S. E. 861; Ryan v. Pettigrew, 7 S. C. 147. The decisions in the Nixon Grocery Co. and Savannah Guano Co. Cases, supra, as a matter of fact go a step further, and hold that the allotment in adversary proceedings is not binding upon existing creditors who are not given notice of the proceedings. If the allotment is not binding upon existing creditors in the absence of actual notice, a fortiori it is not binding upon future creditors, in the absence even of the constructive notice implied from recording in accordance with the provisions of the act.

[5-7] Was the requirement of the statute as to recording obviated because the allotment was made in a bankruptcy proceeding instead of in an action in the state court? We think not. The bankrupt being entitled to a homestead under the state law, and the homestead not having been previously allotted, it was the duty of the bankruptcy court to set it apart to him. Smalley v. Laugenour, 196 U. S. 93, 25 S. Ct. 216, 49 L. Ed. 400. And in making the allotment it was the duty of the trustee to follow as nearly as possible the procedure prescribed for allotment in adversary proceedings under the statute. Brawley, J., in Re McCutchen (D. C.) 100 F. 779. The allotment made by the bankruptcy court was of course binding upon creditors who filed claims in that bankruptcy proceeding, but under the doctrine held in Savannah Guano Co. v. Sanders, supra, it was not binding upon creditors not parties to that proceeding who had no notice of the allotment. And this has been expressly decided with regard to an allotment by a bankruptcy court, in an action by a creditor not a party to the bankruptcy proceedings. Bogart v. State Bank (Tex. Civ. App.) 182 S. W. 678; Remington (3d Ed.) § 1342. The allotment of homestead by the bankruptcy court, therefore, had the same effect as if it had been set apart by the sheriff under section 5490. If bankrupt desired to hold it discharged from all debts then existing, whether listed or filed in the bankruptcy proceeding or not, as well as all debts thereafter contracted, it was necessary that he follow the provisions of 5491 as to recording. Not having done this, his right to homestead as against debts not involved in the former bankruptcy proceeding is just as though the allotment had not been

made; i. e., he is entitled to have a homestead in land of the value of $1,000 allotted to him, but is not entitled to the particular homestead by metes and bounds which was allotted in the former proceeding.

[8, 9] It is contended in behalf of the trustee that, as the bankrupt had not had his homestead properly recorded under Code, § 5491, or properly allotted and recorded under section 5499, he was not entitled to homestead, under the holding in White v. Stump, 266 U. S. 310, 45 S. Ct. 103, 69 L. Ed. 301. We do not agree with this contention. White v. Stump construed the homestead law of the state of Idaho, under which exemption arises when the declaration of homestead is recorded and not before. "Up to that time, the land is subject to execution and attachment like other land; and, where a levy is effected while the land is in that condition, the subsequent making and filing of a declaration neither avoids the levy nor prevents a sale under it." 266 U. S. at 311, 45 S. Ct. 103, 69 L. Ed. 301. Under the South Carolina law, however, it is the duty of the sheriff to set apart a homestead to one entitled thereto before selling his real estate under process. In Idaho, the right to a homestead is dependent upon compliance with certain prescribed formalities on the part of the homesteader. In South Carolina, the right is prescribed by the Constitution and its enforcement by statutory requirement that the sheriff allot before making sale under execution. In Idaho, recording is required to create the homestead right in land. In South Carolina, the right exists in the absence of recording, which is prescribed by statute as a prerequisite, not to the creation of the right of homestead, but merely to the preservation of a particular homestead as allotted.

In holding that the bankrupt was not entitled to hold as a homestead the property allotted to him in 1902, but was entitled to a homestead in realty to the value of $1,000, we think that the learned District Judge correctly interpreted the law, and his order is accordingly affirmed.

Affirmed.