## In re BOOSS.

(District Court, E. D. Pennsylvania. April 8, 1907.)

### No. 2,544.

1. BANKRUPTCY—PROCEEDINGS BEFORE REFEREE—TRIAL.

Where a party has had an opportunity to call and examine his witnesses in a proceeding before a referee in bankruptcy and the matter is closed, he should not be permitted to reopen the case for the purpose of introducing omitted evidence, unless there is a special reason therefor.

2. SAME—EXEMPTIONS—INSURANCE POLICIES.

Pennsylvania Acts 1868 (P. L. 103) provides that all life insurance policies which shall have been taken out for the benefit of or bona fide assigned to the wife or children or any relative dependent on the insured shall be vested in the beneficiary free and clear from all claims of insured's creditors, and Act May 1, 1876, § 25 (P. L. 60), declares that a life insurance policy expressed to be for the benefit of any married woman, whether procured by herself, her husband, or any other person, shall inure to her separate use and benefit and to that of her children, independent of her husband or his creditors, etc. *Held*, that a policy on the life of a bankrupt payable to him if living at the expiration of 20 years, and in the event of his death before that date to his wife, if living, otherwise to his creditors, was exempt to the bankrupt under the state law, and was therefore exempt under Bankr. Act July 1, 1898, c. 541, § 6, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424], providing that exemptions prescribed by the state laws shall be allowed in bankruptcy.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 664.]

In Bankruptcy. Sur trustee's claim to insurance policy.

The following is the certificate of Referee in Bankruptcy Richard S. Hunter:

To the Honorable the Judges of the District Court:

The referee hereby certifies under general order No. 27 and upon request of counsel for trustee: (1) That claim was made by the trustee to a certain insurance policy taken out by the bankrupt in the Provident Life & Trust Company, providing for the payment of $2,000 to the bankrupt upon March 6, 1917, provided that he should be living at that date, but in the event of his decease before that date, then to pay the said sum to his wife if living, otherwise to his executors. The said policy had been in force for a period of ten years. (2) That upon argument had the referee disallowed the claim of the trustee. (3) That the referee was asked by the trustee to institute an inquiry into a certain assignment of the policy for a loan by an insurance company, which the referee refused as irrelevant. (4) That upon exceptions to his finding, and upon argument of said exceptions, the referee refused to alter his previous finding.

The exact point decided by the referee is that under the sixth section of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]), and the decisions thereunder; and under the Pennsylvania Act of April 15, 1868 (P. L. 103), and of Act May 1, 1876, § 25 (P. L. 60), a policy of insurance taken out for the benefit of or bona fide assigned to the wife or children of the bankrupt is vested in them free and clear of all claims of creditors of the bankrupt. The referee annexes his finding on the trustee's claim, the exceptions thereto, the petition of the trustee for leave to present testimony, the referee's finding on the exceptions, and the request of counsel for certification.

All of which is respectfully submitted.

The following is the referee's finding on the trustee's claim, above referred to:

The policy of insurance is in the endowment form, and provides that, if the bankrupt shall die within 20 years from the issuance of the policy, the amount

shall be paid to his wife. If, however, he survives the 20 years, the amount due on the policy shall be paid to him. The policy has been in force for a period of 10 years.

Under the sixth section of the act of July 1, 1898 (30 Stat. 548, c. 541 [U. S. Comp. St. 1901, p. 3424]) exemptions which are prescribed by the state law shall be allowed in bankruptcy, and this is interpreted by the Supreme Court of the United States in Holden v. Stratton, 14 Am. Bankr. Rep. 94, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018, to apply to policies of life insurance which are exempted by the state law from the claims of creditors. The decision in that case was that under a statute exempting from all liability for any debt the proceeds or avails of "all life insurance," the proceeds of a semitontine or paid-up policy are exempt, and that section 70a of the act of July 1, 1898 (30 Stat. 565, c. 541 [U. S. Comp. St. 1901, p. 3451]), does not apply to such policies, even though they have a cash surrender value.

By the Pennsylvania act of April 15, 1868 (P. L. 103), it is enacted that all policies of life insurance or annuities on the life of any person which may hereafter mature, and which have been or shall be taken out for the benefit of, or bona fide assigned to the wife or children or any relative dependent upon such person, shall be vested in such wife or children or other relative free and clear from all claims of the creditors of such person. And by the act of May 1, 1876, providing for the incorporation of insurance companies (section 25 [P. L. 60]), a policy of insurance issued by any company incorporated under this act on the life of any person expressed to be for the benefit of any married woman, whether procured by her, her husband, or any other person, shall inure to her separate use and benefit and that of her children independently of her husband or his creditors. These acts are apparently conclusive against the trustee in the present instance; but it has been ingeniously argued by his counsel that at the time of the passage of the act of 1868 the various forms of policy which combine insurance with investment were unknown, and that tontine and endowment policies take from a man's creditors moneys under the guise of premiums which are afterwards to be returned to him at the expiration of a fixed period; and that, therefore, the husband's interest in such policy properly passes to the trustee and can be sold by the trustee for whatever it is worth. This, however, is contrary to the plain language of the act of 1868, and is, moreover, directly denied in Holden v. Stratton, a case decided in 1905 upon a semitontine policy.

The referee disallows the claim of the trustee to this policy, and directs that the same be delivered to counsel for the bankrupt, upon payment, however, of the premium paid to the insurance company by the trustee.

Charles B. Harding, for trustee.
Abram Peterzell, for bankrupt.

HOLLAND, District Judge. We approve the conclusions of the referee in this case. While we think every facility and opportunity should be afforded parties interested in bankrupt estates to present their evidence in support of contentions in which they may be interested, there is a limit beyond which it would be impracticable and imprudent to go. After a party has had an opportunity to call and examine his witnesses and the matter is closed, unless there is some especial reason for it, the referee should not be expected to again open the case. A party cannot be permitted to reopen a case whenever he finds that he has not produced some evidence which he subsequently concludes would have been an advantage to him. Like all other litigation, there must be an orderly manner of proceeding as well before a referee as before a jury.

Under the Pennsylvania act of April 15, 1868 (P. L. 103), "all policies of life insurance, or annuities on the life of any person, which may hereafter mature, and which have been or shall be taken out for the

benefit of, or bona fide assigned to the wife or children of any relative dependent upon such person, shall be vested in such wife or children or other relative, full, free and clear from all claims of the creditors of such person." And Act May 1, 1876, § 25 (P. L. 60), provides that:

"A policy of insurance issued by any company incorporated under this act, on the life of any person, expressed to be for the benefit of any married woman, whether procured by herself, her husband, or any other person, shall inure to her separate use and benefit, and that of her children, independently of her husband or his creditors, or the person effecting the same or his creditors."

It was the evident intention of the Legislature in the enactment of these two provisions to protect and exempt "all policies of life insurance" taken out for certain beneficiaries named; and the language exempting the same is as broad as the statute which the Supreme Court had under consideration in the case of Holden v. Stratton, 14 Am. Bankr. Rep. 94, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018, which decision we think controls this case.

For these reasons, the decision of the referee in the matter should be approved; and it is so ordered.