## BOARDMAN v. HANNA.

(Circuit Court, S. D. New York. May 12, 1908.)

Bills and Notes (§ 296*) — Forged Indorsement of Check — Liability of Bank on Guaranty of Indorsement.

Plaintiff's assignor, a bank, discounted for one M. a note made by a third person, payable to his own order and indorsed by him, giving M. a check for the proceeds on itself, payable to the order of the maker of the note. M. indorsed the check with the payee's name, by himself, and delivered it to defendant bank, which also indorsed it, expressly guaranteeing the indorsements, and the discounting bank, relying on such indorsement, paid it. In fact M. had no authority to indorse the check, and did so without the knowledge or consent of the payee; and he also discounted the note without authority and in violation of his agreement with the maker. Held, that since the discounting bank, having paid its check on a forged indorsement, did not become a bona fide purchaser for value of the note, and could not, therefore, enforce it against the maker, plaintiff was entitled to recover from defendant upon its indorsement of the check.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 670; Dec. Dig. § 296.*]

At Law.

Parker, Hatch & Sheehan, for plaintiff.
Thomas E. Wing, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LACOMBE, Circuit Judge. There is no reason to go into any of the alleged equities, nor to inquire what may or may not be recovered upon accounting between the parties and other persons. This is an action at law, and its disposition upon the undisputed facts seems reasonably plain. On May 6, 1907, the Mercantile National Bank made a check upon itself, directing the payment of $100,000 by itself to one Morgan J. O'Brien, or his order, and delivered said check to one Charles W. Morse. Thereafter, and on the same day, Morse indorsed said check in the name of O'Brien ("Morgan J. O'Brien, per C. W. Morse") and delivered the same to the National Bank of North America. This indorsement was made without the knowledge or consent of O'Brien, and Morse was not the agent of O'Brien for the purpose of such indorsement and was not authorized by said O'Brien to make the indorsement. Thereafter the National Bank of North America indorsed said check, specifically guaranteeing the indorsements, and presented it for payment through the New York Clearing House to the Mercantile National Bank. The latter bank, without knowledge that the indorsement by Morse in the name of O'Brien was unauthorized, and relying on the guarantee, paid the check to the Bank of North America.

The check was delivered as the proceeds of a note for the same amount, made by O'Brien to his own order and indorsed by him, dated April 22, 1907, and payable in six months. Discount was requested by Morse, who offered the note and received the check. The note had been delivered by O'Brien to Morse under an agreement between them that Morse should retain the same in his possession and renew at maturity, which agreement was in full force and effect. The discount was made without the knowledge or consent of O'Brien, and Morse was not his agent for the purpose of procuring such discount, and was not authorized by O'Brien to discount the note or to receive the proceeds. The note matured on October 22, 1907, and was not paid. The situation was then as follows: Despite the agreement between Morse and O'Brien the note would be a valid obligation against the latter, if the Mercantile Bank could show that it was a bona fide holder for a valuable consideration. That could not be shown by merely proving that it had given its check upon itself to the order of O'Brien for the amount. It would have to prove that such check was duly paid. This it could not prove, because it had not paid the check to O'Brien or his order. Therefore it must fail to recover on the note, and would be a loser to the amount of the $100,000, which it had paid on the check to persons who did not represent O'Brien and whom he had never authorized to collect the same. That loss had resulted, however, because the Mercantile Bank relied upon the guaranty of prior indorsements signed by the Bank of North America, to which it paid the money; and against this latter bank it had a good cause of action.

This cause of action it assigned to the plaintiff on November 15, 1907, and the latter, upon the testimony here taken, is entitled to judgment thereon against this defendant.