## In re CUNNINGHAM.

(District Court, E. D. South Carolina. October 23, 1926.)

No. 3390.

1. Bankruptcy ⬅395(2)—Title to exempt property remains in bankrupt, although trustee is entitled to possession to ascertain value and set it apart (Bankruptcy Act, §§ 2 [11], 6, 7 [8], 47 [11], 67, 70 [Comp. St. §§ 9586, 9590, 9591, 9631, 9651, 9654]).

Under Bankruptcy Act, §§ 2 (11), 6, 7 (8), 47 (11), 67, 70 (Comp. St. §§ 9586, 9590, 9591, 9631, 9651, 9654), trustee is entitled to possession of exempt property until he can have value ascertained and set apart, but title remains in bankrupt.

2. Bankruptcy ⬅400(2)—Trustee must follow as nearly as practicable state procedure in making allotment of bankrupt's exemption.

Trustee, in making allotment of bankrupt's exemption, must follow as nearly as practicable procedure prescribed for allotment under adversary proceedings under state statute.

3. Bankruptcy ⬅400(3)—Bankrupt, having elected to have property set aside to him in kind to be sold as a whole, may recover only proportionate share when appraised value was not realized.

Where order directed exempt property to be set aside in kind and provided for appraisal on failure to agree, bankrupt, after electing to allow sale as a whole, may recover only his proportionate share on failure of property to bring appraised value; Civ. Code S. C. 1922, § 5498, being inapplicable, since procedure was not had thereunder.

4. Bankruptcy ⬅396(3)—Life insurance policy, exempted under state law, does not pass to trustee (Bankruptcy Act).

When state law exempts life insurance policies from levy or sale, so as to put it beyond power of creditors to reach insurance, such policies do not pass to trustee under Bankruptcy Act.

5. Bankruptcy ⬅396(3)—Relative to right of bankrupt to surrender value of life policy, state law exempting insurance for benefit of married woman from claims of husband's creditors held unconstitutional (Civ. Code S. C. 1922, § 4099; Const. 1895, art. 3, § 28).

Civ. Code S. C. 1922, § 4099, exempting proceeds of life insurance policy for benefit of

married woman from claims of husband's creditors, *held* in violation of Const. 1895, art. 3, § 28, as making an exemption allowance of husband and wife of more than $500, and as conflicting with Constitution, in that Constitution has occupied full domain of exemptions, so that trustee in bankruptcy would have right to surrender value of life policy.

In Bankruptcy. In the matter of the bankruptcy of J. G. Cunningham. On bankrupt's petition to review orders of the referee in reference to certain exemptions. Petition dismissed, and order of referee affirmed.

De Loach & De Loach, of Camden, S. C., for bankrupt.

George H. Wittkowsky, of Columbia, S. C., for trustee.

ERNEST F. COCHRAN, District Judge. This matter comes up upon a petition of the bankrupt to review two orders of the referee —one in reference to his claim of exemption in a certain stock of goods and fixtures, and the other in reference to certain policies of insurance payable to his wife. I will consider first the order in reference to the exemption claim in the stock and fixtures.

It appears from the record that the bankrupt claimed his exemption to the extent of $500 in his stock of goods and fixtures. In substance, the referee's order was that the trustee should set apart to him an exemption in the stock to the extent of $500, with the proviso that, in case the bankrupt and the trustee could not agree on the property to be set apart, then appraisers should be appointed and proper proceedings had for setting the same apart in kind. The order further provided that, after such property should be set off in kind, the bankrupt might, if he desired, have the same sold by the trustee at the time of the sale of the remaining stock of goods and fixtures, and the proceeds of the part so to be set aside should be turned over to the bankrupt. The order further provided, however, that in case the bankrupt should elect to have his right to homestead suspended until after the sale, the trustee should sell all the stock of goods and fixtures, and the bankrupt should receive from the trustee the sum of $500 as homestead, provided the property brought the full appraised value, and, in case it did not bring the appraised value, the bankrupt's right to share in the proceeds to be reduced ratably in the proportion that the proceeds of sale bear to the appraised value of the whole property.

The bankrupt waived his right to have his exemption to the extent of $500 set aside to him in kind from the stock of goods and fix-

tures, and elected to have the trustee sell the whole stock and take his homestead out of the proceeds of sale, as provided in the order of the referee. The sale was made, and it appears that the property brought more than $500, but did not bring the full appraised value, and, upon a proportionate reduction being made, the amount to be turned over as exemption is only $300. The bankrupt claims that he is not required to accept the $300 in these circumstances, but is entitled to have the sum of $500 paid to him from the proceeds of sale.

[1] Under the various sections of the Bankruptcy Act which refer to exemptions (clause 11 of section 2, section 6, clause 8 of section 7, clause 11 of section 47, section 67, and section 70 [Comp. St. §§ 9586, 9590, 9591, 9631, 9651, 9654]), the Supreme Court of the United States has held that the title to the exempt property remains in the bankrupt, and does not pass to the trustee. The trustee is entitled to the possession until he can have its value ascertained and set the same apart, but the title remains in the bankrupt. Lockwood v. Exchange Bank, 190 U. S. 294, 299, 23 S. Ct. 751, 47 L. Ed. 1061.

It has also been held that the Bankruptcy Act conferred upon the court of bankruptcy authority to control the exempt property, in order to set it aside and thus exclude it from the assets of the bankrupt estate to be administered, but it did not authorize the bankruptcy court to administer and distribute it as a part of the assets of the bankrupt. Lockwood v. Exchange Bank, supra. See, also, McCrae v. Felder (C. C. A. 4th) 12 F. (2d) 554, 557.

[2] And in making the allotment of the exemption it is the duty of the trustee to follow as nearly as practicable the procedure prescribed for allotment in adversary proceedings under the state statute. McCrae v. Felder, supra.

[3] The order, therefore, of the referee, directing that the property be set aside from the stock of goods and fixtures in kind, and that, if the trustee and bankrupt could not agree upon the same, there should be appraisers appointed and an appraisement had according to the usual practice in adversary proceedings in the state courts, was entirely proper. The bankrupt's rights were fully protected, and he could, if he chose, have had the property set aside to him under this order, and received it in kind; but he did not choose to do so. He waived his right to have it set aside in kind, and availed himself of the privilege given to him by the referee's order of allowing the stock of goods to be sold

as a whole and to take his proportionate share therefrom.

I cannot see that there was any illegality in the referee's allowing him this privilege. It was for his benefit. He elected to allow the property to be sold as a whole without being set apart in kind, and, having made his election, he is bound by it. No doubt he exercised his election in favor of this course, because he thought he would obtain more than if his exemption should be set aside to him in kind. The practical result and effect of the order of the referee and the bankrupt's election thereunder was the same as if he and the trustee had expressly agreed that the appraised value of the whole property was correct, and that his interest therein should be $500, based upon the same valuation or appraisal.

It is said, however, that the bankrupt is entitled to the full amount of $500 from the proceeds of sale, under the provisions of section 5498 of volume 3 of the Civil Code of South Carolina of 1922. That section does provide that the court may, in its discretion, where the personal property shall be found to exceed the sum of $500, direct a sale of the entire property and provide for the payment of the exemption from the proceeds of sale. But that section has no application in this case. The referee did not proceed under that section. The referee did not direct a sale of the entire property in invitum. The bankrupt was not compelled to submit to a sale of the whole property. Under that section the bankrupt may be compelled to allow the property to be sold as a whole, and in such event he is entitled to the full amount of exemption, provided the property brings that much.

But the section has no application whatever to the case where the court determines and orders that the property shall be set aside in kind, with the right on the part of the bankrupt to waive his right to have the same set aside in kind, and elect to take his share of the proceeds of sale upon a proportionate basis. For these reasons, the order of the referee under consideration must be affirmed.

Coming, now, to the second question presented by the petition for review, namely, in reference to the policies of insurance, it appears from the record that the bankrupt had certain policies of insurance payable to his wife, which contained a provision that the insured should have the right to change the beneficiary. The referee directed that the policies be turned over to the trustee, and that the trustee should collect the cash surrender values. The petition for review questions this ruling of the referee, and claims that the policies are exempt under section 4099, vol. 3, of the Civil Code of South Carolina of 1922.

[4] Where the state law exempts policies of life insurance from levy or sale, so as to put it beyond the power of creditors to reach such insurance or the proceeds thereof, then under the Bankruptcy Act such policies do not pass to the trustee. Holden v. Stratton, 198 U. S. 202, 25 S. Ct. 656, 49 L. Ed. 1018, approved in Burlingham v. Crouse, 228 U. S. 469, 33 S. Ct. 564, 57 L. Ed. 920, 46 L. R. A. (N. S.) 148.

It has been suggested that the later cases of Cohen v. Samuels, 245 U. S. 50, 38 S. Ct. 36, 62 L. Ed. 143, Cohn v. Malone, 248 U. S. 450, 39 S. Ct. 141, 63 L. Ed. 352, and Frederick v. Fidelity, etc., 256 U. S. 395, 41 S. Ct. 503, 65 L. Ed. 1009, are in conflict with Holden v. Stratton, and that the rules laid down in the later cases must prevail. But I do not think there is any conflict, or that the principles laid down in Holden v. Stratton have been in any wise modified. Holden v. Stratton certainly holds that policies which are exempt under state law are exempt under the Bankruptcy Law. The later cases refer to policies which were not exempt under any state law. The nearest approach to a conflict appears in the case of Cohn v. Malone, supra, decided under the Georgia law; but a reading of that case, and of the decision of the Circuit Court of Appeals in the same case, reveals that the Georgia statute did not create an exemption.

So the real question before me for consideration is whether or not these policies are exempt from levy or sale, or placed beyond the reach of creditors of the bankrupt by the law of South Carolina. Section 4099 of the Civil Code of South Carolina of 1922, volume 3, provides that a policy of life insurance, which is expressed to be for the benefit of any married woman, or herself and children, etc., shall inure to the use and benefit of the person or persons for whose use and benefit it is expressed to be taken out, and the sum or net amount of the insurance becoming due and payable by the terms of the policy shall be payable to such persons, free and discharged from the claims of the representatives of the husband, or of any of his creditors, or any party or parties claiming under them: Provided, however, that if the premium paid in any one year out of the property or funds of the husband shall exceed the sum of $500, the exemption from the claims of the creditors of the husband shall not apply to so much of the said premium so paid as shall be

in excess of $500, etc. If this section of the statute is a valid and constitutional law, then the policies in the present case would be exempt from pursuit by creditors of the bankrupt, and therefore would not pass to the trustee. Holden v. Stratton, supra; Burlingham v. Crouse, supra; In re Young (D. C.) 208 F. 373; In re Morse (D. C.) 206 F. 351; In re Carlon (D. C.) 189 F. 822; In re Orear (C. C. A. 8th) 189 F. 888, 111 C. C. A. 150; In re Johnson (D. C.) 176 F. 592; In re Pfaffinger (D. C.) 164 F. 527; In re Booss (D. C.) 154 F. 494; In re Whelpley (D. C.) 169 F. 1019.

[5] But I am constrained to hold that, if section 4099 of the South Carolina Code should be construed as placing life insurance policies or their proceeds beyond the pursuit of creditors, it would be in violation of section 28, article 3, of the Constitution of South Carolina of 1895. That section provides that the General Assembly shall enact such laws as will exempt from attachment, levy, and sale, etc., a homestead in land to the value of $1,000 and personal property to the value of $500. The Constitution then further provides that the title to such homestead to be set off and assigned shall be absolute, and be forever discharged from all debts of the debtor then existing or thereafter contracted, but with these two provisos: "Provided that in case any married woman having a separate estate shall be married to the head of a family who has not of his own sufficient property to constitute a homestead as hereinbefore provided, said married woman shall be entitled to a like exemption as provided for the head of a family: Provided further, that there shall not be an allowance of more than $1,000 worth of real estate and more than $500 worth of personal property to the husband and wife jointly." The further provisos of section 28 are not pertinent to the present inquiry.

It is clear that under this section of the Constitution it was the intention of the framers of the Constitution that the wife and husband together should not have more than $1,000 in real estate and $500 in personalty set apart as exempt. If section 4099 should be so construed as to mean that the husband could claim an exemption, as has been done here, of $500 in personal property, and then claim insurance policies in addition in favor of the wife, there would be exempt to them more than the amount which the proviso referred to expressly says shall not be exceeded.

This point is discussed in the dissenting opinion of Judge Woods in the case of Sanders v. Ætna Life Ins. Co., 95 S. C. 36, 78 S. E. 532, Ann. Cas. 1915B, 1284. It is true that the opinion of Judge Woods was the dissenting opinion, and the case was decided by the court upon another point. Nevertheless the position of Judge Woods on this point is impregnable. Moreover, the Supreme Court of this state held, in construing section 32, article 2, of the Constitution of 1868, in reference to homestead exemptions, that inasmuch as that section prescribed the nature and character of the homestead and personal property exempted, describing what it should be, the particular kind of property, its amount and value, and to whose benefit it should inure, all these matters were placed beyond the domain of legislative power, and the Legislature could not add thereto. Norton v. Bradham, 21 S. C. 375, 380; Duncan v. Barnett, 11 S. C. 333, 32 Am. Rep. 476.

It is true that the homestead provisions in the Constitution of 1868 are different in several respects from the similar provisions in the Constitution of 1895; but, so far as this point is concerned, I do not think such differences material. The point is that under both Constitutions the constitutional provision occupied the whole field or domain of exemptions, and left nothing to legislative discretion, except under the Constitution of 1868 the duty "to enforce the provisions of those sections," and under the Constitution of 1895 the duty to "enact such laws as will exempt from attachment, levy and sale," etc.

I am therefore constrained to hold that section 4099 of the Code is in direct conflict with the Constitution in that it makes an exemption allowance to husband and wife of more than $500, and is also in conflict with the Constitution in that the Constitution has occupied the whole domain of exemptions, and the Legislature had no power to add thereto.

In the case of In re L. Finkelstein, Bankrupt, decided by the late Judge Henry A. M. Smith, of this district, on May 5, 1923 (unreported), the right of the bankrupt to exemption in such policies was denied upon another ground. In that case it was held that this section of the Civil Code of South Carolina did not apply to insurance policies similar to those in the present case, on the ground that the policies were not taken out or expressed to be for the benefit of the wife, or herself and her children, but by the policies the insured had an express right to change the beneficiary, which in effect made the policy taken out for the benefit of himself or his estate, as he could make it payable to whomsoever he chose.

My respect for the opinion of the learned judge who rendered this decision is very

great, but I do not think that such is the proper construction of the South Carolina statute. It was evidently the purpose of the Legislature, where the policy is made payable to the wife and she thereby becomes the beneficiary, that it should be placed beyond the reach of creditors of the husband, and the fact that he might change the beneficiary would not change the result. I do not care, therefore, to rest my decision in this case on that construction of the statute.

For these reasons, the order of the referee, directing the delivery of the policies and collection of the surrender value thereof by the trustee, must be affirmed. It is therefore ordered, adjudged, and decreed that the petition of the bankrupt to review the said orders of the referee be and the same is hereby refused and dismissed, and that the said orders be and the same are hereby approved and affirmed.