**In re Elliott Edgar REDMON, Jr., Debtor.**

**Bankruptcy No. 82–00309–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

June 21, 1983.

Leonard E. Starr, III, Sandston, Va., for debtor.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing by William C. Parkinson, Jr., the trustee herein, of an objection to the debtor's amended claim of exemptions. After notice and hearing and upon the submission of briefs, this Court makes the following determination.

## STATEMENT OF THE FACTS

Elliott E. Redmon, Jr., the debtor herein, filed a petition in bankruptcy on February 25, 1982. On February 25, 1982, Redmon timely filed a homestead deed in the Clerk's Office of the Circuit Court of Middlesex County, Virginia, his place of residence, in which he claimed as exempt, property valued at $496.75. Included among the items he claimed in his homestead deed was a $1.00 cash value in a Southland Life Insurance Company policy and a $1.00 cash value in each of two Pilot Life Insurance Company policies. He filed his Statement of Affairs and Schedules on March 17, 1982 and in Schedule B–4 he exempted the property which he claimed in his homestead deed filed February 25, 1982. This deed included the three policies of life insurance, hereinabove referred to. In addition to his homestead exemption, he claimed as exempt under *Va.Code* § 38.1–448 a Pilot Life Insurance Company policy no. 627533, the cash surrender value of which was stated to be $1.00.

In March, 1983, Redmon executed a supplemental homestead deed in which he claimed as exempt under *Va.Code* § 34–4 the following additional estate.

| ITEM | | VALUE |
|---|---|---|
| CASH VALUE DEBTOR'S LIFE INSURANCE POLICIES: | | |
| Southern Farm Bureau-Policies Nos. 276596 and 388650 --------- | | $1,373.42 |
| Pilot Life Insurance Co.-Policy No. 464988 ------------------- | | 2,879.05 |
| Pilot Life Insurance Co.-Policy No. 627533 --------------- | | 250.78 |
| (this is balance of cash value not claimed except under 38.1–448) | TOTAL: | $4,503.25 |

By this supplemental homestead deed he exempted two Southern Farm Bureau Life Insurance Company Policies which had not been included on his original homestead deed and he increased the value of his claimed exemption in two Pilot Life Insurance Company policies which had been claimed exempt under the original homestead deed. This supplemental homestead deed increased his exemptions to $5,000.00, the maximum allowed under Virginia law.

The trustee in bankruptcy takes no exception to the increase in the exemptions of the two Pilot Life Insurance Company policies.

On March 22, 1983, the debtor amended his Schedule B–4 in which he claimed as exempt the property set forth in his supplemental homestead deed and in which he increased the cash value of his Pilot Life Insurance Company policy no. 627533 exempted under *Virginia Code* § 38.1–448, 449 as follows:

VIRGINIA CODE § 38.1–448:

Pilot Life Insurance Company cash surrender value ------------------- $2,950.32
(face amount – $10,850.00; Policy # 627533; total cash surrender value – $3,201.10; amount claimed exempt pursuant to this code section is the pro-rate share of the cash surrender value based on $10,000.00 divided by $10,850.00)

## CONCLUSIONS OF LAW

The trustee objects to the allowance of the Southern Farm Bureau policy nos. 276596 and 388650 having a value of $1,373.42. The trustee objects to the exemption of these policies because they were first claimed exempt on the debtor's original deed recorded after the bankruptcy petition was filed. The trustee also objects to the allowance of the exemption claimed for the cash surrender value of the Pilot Life Insurance Company policy no. 627533 in the amount of $2,950.32 claimed exempt pursu-

ant to § 38.1–448.[1] The trustee contends that *Virginia Code* § 34–21 bars Redmon's exemption of the cash surrender value of this insurance policy pursuant to *Virginia Code* § 38.1–448, –449 because the debtor has exhausted his homestead exemption pursuant to *Virginia Code* § 34–4.

*Virginia Code* § 34–21 provides

"When estate, real or personal, or both, have the value of $5,000.00, has been once set apart to be held by householder as exempt under § 34–4, he shall not afterwards be entitled to the exemption of any

---

1. Note that *Va.Code Ann.* § 38.1–449 permits householders to claim the prorated cash surrender value of life insurance policies in an amount not to exceed the total amount for all policies of $10,000.00. Under § 70a(5) of the Bankruptcy Act of 1898, the trustee in bankruptcy could obtain the cash surrender value of a life insurance policy as an asset of the estate provided it was not exempt property under the state's laws. 11 U.S.C. § 522(b)(2)(A) contin-

ues this exemption by providing that debtors in states which have opted out of the federal exemption scheme found in 11 U.S.C. § 522(d) may claim as exempt any property exempt under the law of the state of the debtor's domicile. Because Virginia opted out of the Federal exemption scheme (see *Va.Code Ann.* § 34–3.1) debtors may use Virginia's life insurance exemptions.

estate other than that so set apart or that mentioned in the preceding section (§ 34–20) and §§ 34–18, 34–26, 34–27, and 34–29."

The trustee argues that *Virginia Code* § 34–21 is applicable to every exemption found in the *Virginia Code*. He contends that once a householder has exhausted his $5,000.00 exemption provided by *Virginia Code* § 34–4, he may not avail himself of the benefits of any exemptions found elsewhere in the *Virginia Code*.

The Virginia General Assembly enacted *Virginia Code* § 34–3.1 in 1979 and thereby denied debtors in Virginia the opportunity to use the federal exemption scheme found in 11 U.S.C. § 522(d). As a result, Virginia debtors are restricted to using only those exemptions provided for under Virginia law. Because Virginia exemption law applies, this Court must follow Virginia law in determining the validity and extent of exemptions claimed by Virginia debtors. See, *In re LaFortune,* 652 F.2d 842, 846 (9th Cir.1981). Although no Virginia case is on point, this Court is certain Virginia courts would not apply *Virginia Code* § 34–21 to limit debtors' rights to exempt the cash surrender value of their life insurance policies pursuant to *Virginia Code* § 38.1–448, –449.

The exemptions found in Title 34 of the *Virginia Code* constitute a minute portion of the total number of exemptions provided for by Virginia law. Title 34 entitles a householder to claim exempt property not exceeding the value of $5,000.00. *Va.Code* § 34–4. Also, he may hold exempt property enumerated in the poor debtor's exemption and if he is engaged in agriculture he may claim additional articles exempt. *Va. Code* § 34–26. Furthermore, Virginia's debtors have numerous other exemptions of which they may avail themselves. For example, fraternal benefit society benefits may be claimed exempt. See, *Va.Code* § 38.1–638.33. Accident and sickness benefits, group life insurance proceeds, proceeds

under industrial sick benefit insurance policies, and benefits provided by cooperative non-profit life benefit companies may be claimed exempt. See *Va.Code* §§ 38.1–346, 482, 488, 510, and § 51–111.67:8. Certain public employees may claim their retirement benefits exempt and all public assistance is exempt. *Va.Code* §§ 51–111.15, 127.6, and 63.1–88.[2]

The trustee's argument that a debtor's exhaustion of his exemption rights under *Virginia Code* § 34–4 bars him from claiming any property exempt except that provided for in *Virginia Code* § 34–21 would bar debtors from claiming any property exempt pursuant to the aforementioned exemption sections. The homestead exemption found in § 34–4 was enacted by the Virginia legislature in the 19th century and § 34–21 first appeared in the Code of 1887. Most, if not all, of the other exemptions provided for by the Virginia Code were enacted later. *Virginia Code* §§ 38.1–448 and 38.1–449 were first enacted in 1946. There would have been no need for the Virginia General Assembly to provide these other exemptions if they were merely a part of the homestead exemption. If the life insurance exemptions were a part of the homestead exemptions, debtors would be entitled to no more than the $5,000.00 exemption amount found in § 34–4 and the provision for the other exemptions would give debtors no greater rights than they had by filing homestead deeds pursuant to *Virginia Code* § 34–4. Either these life insurance exemption sections are surplusage or they provide independent exemptions which are not limited by § 34–21. See, Ulrich, *Virginia's Exemption Statutes—The Need for Reform and a Proposed Revision,* 37 *Wash. & Lee L.Rev.* 127, 151, n. 144, (1980).

The exemptions for proceeds of life insurance policies of debtors from the claims of creditors provided in *Virginia Code* §§ 38.1–448 and 38.1–449 were enacted in 1946. After the enactment of that statute Wil-

---

**2.** See also those exemptions found in the following sections of the *Virginia Code:* 38.1–346, 38.1–482, 38.1–488, 38.1–510, 38.1–563, 38.1– 638.33, § 51–111.15, § 51–111.67:8, § 51–112, § 51–127.7, § 60.1–125, § 63.1–88, § 65.1–82.

liam C. Worthington, a Virginia Referee in Bankruptcy, argued in a law review article that because § 190 of the Constitution of Virginia limited a householder's exemptions to property not exceeding the value of $2,000.00, the householder in no case could claim more than $2,000.00 exempt. Worthington, *Exemption of the Debtor's Life Insurance in Virginia,* 42 *Va.L.Rev.* 239 (1956). Worthington based his argument on the opinions rendered in *Hickman v. Hanover,* 33 F.2d 873 (4th Cir.1929); *Whiting v. Squires,* 6 F.2d 100 (4th Cir.1925) *cert. den.* 269 U.S. 587, 46 S.Ct. 203, 70 L.Ed. 426 (1926); and *In re Cunningham,* 15 F.2d 700 (E.D.S.C.1926). In the *Hickman, Whiting,* and *Cunningham* cases the courts, construing statutes similar to the Virginia life insurance exemption statute, held that a constitutional limitation on the dollar amount of an exemption a debtor could take in personal property limited the debtor's exemption of his life insurance exemption. (*But see, In re White,* 185 F.Supp. 609 (N.D.W.Va.1960) in which the court held that a similar ceiling in the West Virginia Constitution did not limit the amount which could be claimed exempt pursuant to the West Virginia insurance exemption statute.) In Maryland, North Carolina, and South Carolina the life insurance exemptions were denied because of the constitutional limitation on the power to exempt. In other states in which there was no such constitutional limitation, similar life insurance exemptions were fully allowed. *See, In re Messinger,* 29 F.2d 158 (2nd Cir.1928) *cert. den.* 279 U.S. 855, 49 S.Ct. 351, 73 L.Ed. 996 (1929); *In re Pinals,* 38 F.2d 117 (D.N.J.1930). Although at the time Judge Worthington wrote his law review article Virginia's Constitution contained a limitation on exemptions similar to those limitations found in the Constitutions of Maryland, North Carolina, and South Carolina, the Virginia constitutional limitation was deleted in the revised Constitution enacted in Virginia on July 1, 1971. *See, Virginia Constitution of 1902,* §§ 190–193.

The only cases interpreting the effect of *Va.Code* § 34–21 conclude that this section stands for the proposition that a debtor may set apart as exempt under successive homestead deeds no amount greater than that amount specified in the *Virginia Code* under Title 34. *See, In re Waltrip,* 260 F.Supp. 448, 450 (E.D.Va.1966); *Oppenheimer v. Howell,* 76 Va. 218 (1882). Once a householder has exhausted his homestead exemption he may not exempt any more property pursuant thereto.

 Courts must liberally construe the law pertaining to homestead deeds in favor of debtors. *Goldburg Co., Inc. v. Salyer,* 188 Va. 573, 50 S.E.2d 272, 274 (1948). Furthermore, any ambiguities found in state exemption laws must be resolved in favor of debtors. *In re Sanford,* 8 B.R. 761, 766 (N.D.Cal.1981). In light of the liberality this Court must afford debtors in construing Virginia's exemption laws and in light of the clear meaning of *Virginia Code* § 34–21, this Court concludes that the life insurance exemptions found in *Virginia Code* § 38.1–448, 449 are separate and independent from the homestead exemption found in Title 34 and are not limited by the provisions of *Virginia Code* § 34–21.

 The trustee also objects to the debtor's exemption of two Southern Farm Bureau policies having a value of $1,373.43. The debtor claimed these items exempt on an amended homestead deed filed subsequent to the filing of the debtor's bankruptcy petition. *Virginia Code* § 34–17 provides that "... any person who files a voluntary petition in bankruptcy may [file his homestead deed] before or on the same day that he files his petition but not thereafter ...." Once a householder has filed his homestead deed and his petition in bankruptcy he may later amend that deed to increase or decrease the valuation of items claimed exempt therein, however, he may not amend the deed to claim additional items exempt. *See Waltrip* at 451. Debtors must comply strictly with the provisions of the Virginia homestead laws in order to be entitled to claim exemptions thereunder for bankruptcy purposes. *Zimmerman v. Morgan,* 689 F.2d 471, 472 (4th Cir.1982). For this reason, this Court will sustain the

trustee's objection to the debtor's exemption of his Southern Farm Bureau policies numbered 276596 and 388650.

An appropriate Order will issue.