7975

BROWN v. GREEN, SHERIFF.

HOMESTEAD—INJUNCTION.—A judgment debtor cannot have a sale of his property under execution on a judgment junior to certain mortgage liens enjoined on the ground that the mortgage debts and the homestead amount to less than the appraised value. Method of sale and bids in such cases indicated.

Before MEMMINGER, J., Marlboro, May, 1910. Affirmed.

Action by Geo. A. Brown against J. B. Green, as sheriff, and Wm. M. Bird & Co. Plaintiff appeals.

*Messrs. McColl, McColl & LeGrand,* for appellant. *Mr. LeGrand* cites: *Judgment is no lien on homestead:* 24 S. C. 424; 26 S. C. 1. *Where action is for injunction temporary injunction should be granted:* 75 S. C. 221; 69 S. C. 159.

*Messrs. Newton & Owens,* contra.

July 18, 1911. The opinon of the Court was delivered by

MR. JUSTICE HYDRICK. Plaintiff brought this action to enjoin the defendant Green, as sheriff, from selling a storehouse and lot in which he claims homestead.

The material allegations of the complaint, which are undisputed, are: That plaintiff is and, for some time, has been the owner of a certain storehouse and lot in the town of Bennettsville, and is entitled to a homestead therein; on March 18, 1909, he executed a mortgage thereon to secure his bond for $3,786, with interest thereon from date at 8 per cent. per annum; on June 8, 1909, he executed a second mortgage thereon to secure a debt of $2,000. Both mortgages were promptly recorded, and the lien of each is superior to that of the judgment of Bird & Co., hereinafter mentioned, and both are still unpaid. In November, 1909, William M. Bird & Co. obtained judgment in Williamsburg

county against him for $276.93, a transcript of which was
duly filed and docketed in the office of the clerk of court for
Marlboro county, on February 19, 1910, an execution was
thereupon issued and directed to the defendant Green, as
sheriff. Commissioners were duly appointed to set off the
judgment debtor's homestead. They made their return, certi-
fying that the property exceeded in value $1,000, and that
it could not be divided and the homestead set off without
injury to the remainder, and appraised it at $6,000, which is
its full value. On the filing of the return, to which no excep-
tions have been taken, the sheriff served notice on the debtor
that, unless he paid into his office the excess of the appraised
value of the property above the homestead—$1,000,—that
is, unless he paid in $5,000, within sixty days from date of
the notice, he would sell the property under the execution.
Upon the foregoing facts and the further allegations that,
if the sheriff sold the property, his right of homestead would
be defeated, the plaintiff asked that the sale be enjoined.
The Court granted a temporary order of injunction, which it
vacated, on motion of defendants.

As far as they went, the proceedings below were in exact
conformity to the provisions of section 2628, 1 Code, 1902.
The complaint did not state a cause of action for injunction.
We fail to see wherein the sale will defeat appellant's right
of homestead. Under the provisions of section 2638, above
referred to, there can be no sale unless more than $1,000 is
bid at the execution sale. If more than $1,000 is bid, the
sale is made, and the sheriff deposits $1,000 with the clerk
to be applied, under the order of the Circuit Judge, on appli-
cation of the judgment debtor, to the purchase of a home-
stead of that value; and the residue is applied to the payment
of the costs and expenses of the appraisement and sale and
the executions in the hands of the sheriff, according to law.
The fact that the property is covered by mortgages makes
no difference. Because, at a sale of property covered by
mortgages under a junior execution, as in this case, only

what, for the sake of convenience, is called the mortgagor's equity of redemption is sold, which is, however, the legal title subject to the lien of the mortgages; and, therefore, the purchaser is supposed to bid no more than the value of the property over and above the mortgage debts. *Moss* v. *Bratton,* 5 Rich. Eq. 3; *Norman* v. *Norman,* 26 S. C. 46, 11 S. E. 1096, and cases cited by the Court. Presumptively, no bid will be received at such a sale for more than the value of the property over and above the mortgage debts. If the property is worth less than the aggregate value of the homestead and the mortgage debts, as alleged in this case, it cannot be supposed that a bid for more than $1,000 will be received, and, if not, then no sale will be made. On the contrary, if it is worth more, the judgment creditor has the right to have it sold. Otherwise, the judgment debtor will be allowed to have property in excess of the value of the homestead which cannot be reached by execution.

Affirmed.