12728

SMITH *ET AL.* v. BALDWIN

(149 S. E., 339)

*Mr. John K. Hamblin,* for appellant,

*Mr. J. G. Hughes,* for respondents,

August 28, 1929.

The opinion of the Court was delivered by Mr. Justice Carter.

This case is before this Court on appeal from an order issued by his Honor, Judge E. C. Dennis, fixing the compensation for John D. Smith, J. F. Levister, and W. S. McLure, as liquidating agents for the insolvent Farmers' & Merchants' Bank of Carlisle, S. C., by way of an order issued in the cause directing W. P. Baldwin, as receiver of said bank, to pay to the attorney for said parties the sum of $1,000, which amount his Honor, Judge Dennis, found to be "a reasonable compensation in full settlement and satisfaction of all their claims for services and expenses as liquidating agents of the said insolvent bank," December 13, 1925, his Honor, Eugene S. Blease, as special presiding Judge for

the Court of Common Pleas for Union County, in which Court the cause was commenced, issued an order in the cause placing the affairs of said bank in the hands of the State bank examiner, giving him authority to appoint one or more liquidating agents to liquidate the said bank under his supervision. So much of said order as is pertinent to the questions involved in this appeal is as follows:

"It is further ordered that said liquidating agent or agents be allowed a reasonable compensation for their services, the amount to be fixed by this Court, said amount not to exceed five per cent. (5%) of the amount received and disbursed by them as such liquidating agents, and shall also receive and be allowed his, or their, necessary expenses in the administration of the estate of the said bank pursuant to this order."

Following the issuing of this order by his Honor, Judge Blease, and pursuant thereto, the said John D. Smith, W. S. McLure, and J. F. Levister were appointed liquidating agents for the said bank, and undertook the work of liquidating the said bank under the direction of the Court and the State bank examiner, W. W. Bradley, and Albert S. Fant. Later on, October, 1926, W. P. Baldwin was appointed receiver of said bank under an order issued by his Honor, Judge J. K. Henry. Thereafter, pursuant to motion made on behalf of W. P. Baldwin, receiver, an order was issued by his Honor, Judge T. S. Sease, referring the matter to his Honor W. W. Johnson, probate Judge, *ex officio* master for Union County, for the purpose of taking testimony as to a reasonable compensation for the said liquidating agents. Based on the testimony taken and reported, his Honor, Judge Dennis, issued the order above stated, directing the receiver, W. P. Baldwin, to pay unto J. G. Hughes, attorney for J. D. Smith, J. F. Levister, and W. S. McLure, the sum of $1,000, "found to be a reasonable compensation in full settlement and satisfaction of all their claims for services and expenses as liquidating agents of the said insolvent bank." From this order of Judge Dennis, W. P. Baldwin, receiver for said bank, has appealed to this Court.

The appellant presents three exceptions, but, under our view of the case, the principal question involved in the appeal is raised under the third exception, to wit:

"Because his Honor erred in modifying the order of his Honor, Judge Eugene S. Blease, which order provided that liquidating agents were not to receive more than five per cent. (5%) for their services.'

"The error being that one Circuit Judge cannot modify, enlarge or reverse the order of another Circuit Judge, the remedy being a direct appeal to the Supreme Court."

As appears from the pertinent portion which we have quoted above of Judge Blease's order, the amount to be paid to these parties for their services as such liquidating agents was limited to 5 per cent. of the amount received and disbursed by them as such liquidating agents. The said order, however, contains a provision for the payment of the necessary expenses of the liquidating agents. The money collected and disbursed by the respondents in said capacity of liquidating agents amounted to $12,000, and the maximum sum therefore allowable under said order for the respondents for *services* amounts to $600. Did Judge Dennis have the right and power to provide for the payment of a greater sum for services? We think not. In our opinion the order of Judge Blease is the law of the case and binding upon succeeding Judges in fixing the amount of compensation for the services of the respondents. *Nixon Grocery v. Spann,* 108 S. C., 329, 94 S. E., 531; *Georgian Co. v. Britton et al.,* 141 S. C., 143, 139 S. E., 217. It is true the respondents were entitled under the order of Judge Blease to receive their necessary expenses, but there is no proof that the respondents expended any money for expenses. It follows, therefore, that the maximum amount the respondents are entitled to receive is $600.

It is the judgment of this Court that the judgment of the Circuit Court be modified as follows: That the sum of

money directed to be paid to the respondents be, and the same is hereby, reduced to $600.

Mr. Chief Justice Watts and Mr. Justice Stabler, concur.

Mr. Justice Blease disqualified.

Mr. Justice Cothran (dissenting) : This is an appeal from an order of his Honor, Judge Dennis, fixing the compensation to be paid to J. D. Smith, W. S. McLure, and J. F. Levister, liquidating agents of the Farmers' & Merchants' Bank of Carlisle, at $1,000.

It appears that on December 13, 1925, an order was granted by the presiding Judge at Union (Hon. Eugene S. Blease, then a practicing attorney, as special Judge), placing the affairs of the bank in the hands of the State bank examiner, giving him authority to appoint one or more liquidating agents to liquidate the bank under his supervision. It is not clear from the record whether this order was granted under Section 3981 or 3985 of the Code. The order provided:

"It is further ordered that said liquidating agent or agents be allowed a reasonable compensation for their services, the amount to be fixed by this Court, said amount not to exceed five per cent. (5%) of the amount received and disbursed by them as such liquidating agents, and shall also receive and be allowed his, or their, necessary expenses in the administration of the estate of the said bank pursuant to this order."

The State bank examiner appointed the claimants J. D. Smith, W. S. McLure, and J. F. Levister liquidating agents in February, 1926. They proceeded to assemble the assets of the bank and make distribution, continuing in office until the fall of 1926, and collecting some $12,000. How much of that was actually disbursed by them does not appear; it only appears that they paid certain expenses and a dividend of 20 per cent. to the creditors.

In October, 1926, W. P. Baldwin was appointed receiver, we assume in the proceeding above entitled instituted by Mrs. Crawford.

Certain remaining assets were turned over by the liquidating agents to the receiver; whether this included any cash collected or received by the liquidating agents does not appear.

Later, upon motion of the receiver, his Honor, Judge Sease, passed an order referring it to the master to take and report the testimony as to a reasonable compensation for the liquidating agents. The testimony was taken and reported to the Court. On September 16, 1927, his Honor, Judge Dennis, signed an order fixing the compensaton of the liquidating agents, "in full settlement and satisfaction of all their claims for services and expenses as liquidating agents of the said insolvent bank."

I agree that the compensation of the committee is limited by the order of Special Judge Blease to 5 per cent. of receipts and disbursements and actual expenses incurred. The amount fixed by his Honor, Judge Dennis, is based upon a *quantum meruit* from testimony taken under the order of reference which is improper. The proper disposition of the appeal, in my opinion, is to reverse the order of Judge Dennis and remand the case to ascertain: (1) The amount received; (2) the amount disbursed; (3) the amount turned over by the committee to the receiver; (4) the amount of expenses incurred by the committee; (5) the amount received by them upon such expenses.

The amount to which the committee is entitled cannot possibly be ascertained from the testimony taken at the reference, which contemplated an entirely different basis for their compensation.